IN THE

## SUPERIOR COURT OF JUDICATURE

FOR THE

COUNTY OF ROCKINGHAM, AUGUST TERM,

A. D. 1832.

---

### JOHN SAWYER *et a. versus* MOSES COPP.

The decision of a Judge of Probate, upon the claims of executors or administrators, against the estates of their testators, or intestates, when administered in the insolvent course, is not conclusive, although no one appears, in the probate court, to contest the claims ; but any person aggrieved, may appeal from the decision.

THIS was an appeal from a decree of the Judge of the Probate in this county. Copp was the executor of the last will and testament of Amos Sawyer, whose estate was administered in the insolvent course. On the 15th December, 1830, previous to which time the commissioners, appointed by the Judge of Probate to examine and allow the claims of the creditors, had made their report, the executor presented his private claim, against the estate, to the Judge of Probate, to be allowed and placed

on the list of claims. And due notice having been given to the heirs, legatees and creditors, of the said estate, of the time and place when and where the said claim, of the executor, would be presented for allowance, and no person appearing to object to the same, the Judge of Probate ordered and decreed, that the said claim, of the executor, amounting to $3630, be allowed and placed upon the list of claims, against said estate.

From the said decree, the said J. Sawyer *et a.* appealed to this court.

*Sullivan*, *Lawrence* and *Bartlett*, for Copp, the appellee, moved the court to dismiss the appeal, on the ground, that, under the circumstances of the case, no appeal was given by law, from the decree of the Judge of Probate.

And they relied upon the fourth section of the statute of July 2, 1822, entitled, " an act regulating the settlement and distribution of insolvent estates," which showed, conclusively, as they contended, that the decision of the Judge of Probate was final.

*Tilton* and *Mason*, for the appellants.

*By the Court.* It is moved, on behalf of the appellee, in this case, to dismiss the appeal ; and the question to be decided, is, whether the appeal can, under the circumstances, be sustained ?

The statute of July 2, 1822, regulating the settlement and distribution of insolvent estates, section 4, provides that the commissioners shall take no cognizance of any claim or demand in favor of the executor or administrator, against the estate, but in all such cases, in the citation to the heirs and creditors, to hear the account of the executor or administrator, notice shall be particularly given of such claim or demand ; and if, at the time of rendering the account, no heir, or creditor, shall appear, to contest the claim, the Judge of Probate may examine the same, and allow such sum as to him appears legal ; or the Judge may, and, if any heir or creditor appear to contest the claim, he shall, unless the parties agree in

writing to have him decide upon it, refer the same to one or more referees, whose report, when accepted by the Judge, shall be final in the case.

Now, in this case, the executor gave notice, to the heirs and creditors, that his claim was to be presented, and, no one appearing to object, it was allowed. Is the decree, allowing the claim, conclusive? It is certainly not made so by any express provision in the statute. And, upon adverting to the statute of July 2, 1822, authorising and regulating appeals from the decisions of a Judge of Probate, we find it enacted, in the broadest terms, that " any person or party aggrieved by any decree, sentence, appointment, order, grant or denial, of any Judge of Probate, &c. may appeal therefrom." The decree, from which this appeal has been taken, is within the words, and we see nothing that leads us to doubt, that it is within the true intent and meaning of this provision in the statute.

We are of opinion that there is no legal ground, on which we can refuse to sustain this appeal, and the motion, to dismiss it, is overruled.