## ABBE *vs.* NORCOTT, Adr.

Where the administrator of an insolvent estate presents, with his account of administration, a private claim against the estate, the citation issued by the judge should contain a particular description of the nature of such private claim, sufficient to give those interested notice upon what it is founded.

If such claim is referred by the judge, notice should be given by the referee, of the time and place when and where he will hear the parties and examine the case.

APPEAL from the decree of the judge of probate.

The defendant is administrator of the estate of Abner Norcott, late of Columbia. The estate is administered in the insolvent course. On the second of January, 1833, a citation was issued to the heirs at law, and all concerned, notifying them that the defendant would present his account of administration upon the estate for settlement on the first Tuesday of March then next, and would, at the same time, present his private claim against the estate, for allowance, amounting to $1537 16. The administrator was directed to post a copy of the order in three towns in said county, twenty days before the court. The heirs, with the exception of the administrator, lived in Connecticut, and had no notice in fact, and there was no appearance by heirs or creditors. At the court the administrator presented a book account, amounting to the sum mentioned in the citation. The judge ordered that the claim be referred to R. H., and that the administrator furnish him with specifications of the claim, and the evidence to support it, and that the referee report to the probate court to be holden in May. The judge did not order any notice to be given by the referee, and he gave none to the heirs or creditors, but reported that he had allowed the full amount of the claim, and the judge passed a decree accepting the report, from which this appeal is taken.

The appellant had no actual notice of these proceedings until after the decree. The administration account of the appellee has never been settled in the probate court.

*Fletcher*, and *Young*, for the appellant.

*Bell*, for the appellee.

PARKER, J. The fourth section of the statute of July 2, 1822, regulating the settlement and distribution of insolvent estates, provides, that the commissioners on such estate shall take no cognizance of any claim or demand in favor of the executor or administrator thereof against the deceased; and in all such cases, in the citation to the heirs and creditors to hear the account of such executor or administrator, notice shall be particularly given of the claim or demand against the estate, which the executor or administrator wishes to have allowed to him; and if at the time of rendering the account no heir or creditor appear to contest said claim, the judge of probate may examine the same, and allow such sum as to him appears legal; and the same shall be placed by him on the list of claims; or the judge may, and if any heir or creditor appear to contest the claim, he shall, unless the parties agree in writing to have him decide upon it, refer the same to one or more referees, whose report, when accepted by the judge, shall be final in the case. *N. H. Laws*, 362.

The citation issued by the judge of probate in this case stated that the administrator would present his private claim, and the amount of it; but no claim appears to have been filed, nor was any notice given of the character of it. Had actual notice of the citation reached the heirs, they would have had no information of the nature of the demand. The clause of the statute directing notice to "be particularly 'given of the claim or demand which the executor or 'administrator wishes to have allowed to him," must have

intended that some farther description than a mere statement of its amount should be inserted in the citation. A special declaration is not required, but there should be a brief statement of its nature, sufficient to give the parties interested notice upon what it is founded ; and such is believed to be the usual practice.

Had the citation contained a sufficient description of the claim, the judge of probate, as no person appeared to contest it, might have proceeded to allow such sum as to him appeared legal, without any farther notice. But he was also empowered to refer it. As he did not see fit to decide himself, but referred it to the determination of a third person, we think that upon general principles some notice of the time and place of hearing by the referee should have been given. Had any heir or creditor appeared to contest the claim before the judge, it must have been referred ; and in such case, undoubtedly, notice should have been given to such parties of the hearing before the referee. And if, instead of deciding upon the claim himself, the judge exercises his discretionary power to refer it, justice to those interested demands that an attempt should be made to give them a like opportunity to appear. Parties in interest might be willing to submit the matter to the examination and decision of the judge without being heard, and unwilling to have it thus submitted to the adjudication of a third person. And besides, had the judge examined and decided himself, an appeal might have been taken from his decision, at any time within sixty days, 6 *N. H. Rep.* 42, *Copp* vs. *Sawyer ; N.H. Laws* 373. And upon such appeal a hearing might be had upon the merits. But upon an appeal from a decree accepting the report of a referee, we can only enquire into the regularity of the proceedings, for if regular the statute makes the report final.

If no one appears before the judge in such case, and he sees fit to refer the claim, it would be a proper course for him

to direct such notice to be given as he should think most likely to effect the object.

The decree in this case must be reversed, and the case transmitted to the probate court for farther proceedings.

*Decree reversed.*