## CLARK, APP'T *v.* COURSER.

A creditor of a person who has been under guardianship as a minor, who has commenced a trustee process against the guardian, has sufficient interest in the estate of the ward to entitle him to appeal from a decree of the judge of probate, allowing the guardian's account.

An attorney, under a general authority to prosecute and defend suits for his client, is not authorized to execute a bond to the probate court, upon an appeal. The power to execute a sealed instrument must be under seal.

An appeal from a decree of the court of probate will be dismissed, unless a bond is filed and notice given, agreeably to the statute.

THIS is an appeal from a decree of a judge of probate for the county of Hillsborough, allowing the account of Courser, as guardian of Esty.

The appellant claims the appeal on the ground that he is a creditor of Esty, and that a suit is now pending in his favor against Esty, as principal, and said Courser as his trustee, for the recovery of his debt, in which he claims that the trustee should be charged for the balance due from the guardian to his ward, and which, though disallowed by the judge of probate, he expects to show to be due, upon the trial of the appeal.

The appellee objects that, as such creditor, the appellant has no right of appeal. He also objects that the bond filed upon the appeal is invalid and insufficient, because it is signed in the name of the appellant, by his attorney in the action, without any authority under seal; and that no notice was given of the pendency of the appeal as required by law.

*Farley,* for the appellee.

The appellant has no such interest in the matter of the decree as entitles him to the right of appeal. Rev. Stat. ch. 170, p. 338, § 1. His claim against the minor is in no way concluded or affected by the decree. His attachment of the funds in the hands of the guardian, subsists the same after

as before the decree. It gave to the probate court no new or extended jurisdiction to protect or conclude the rights of the appellant, consequently no right to be heard by said court, especially when, at the time of the hearing on the guardian's account, the ward being more than twenty-one years of age, was present by his counsel, who examined the account, found it to be correct, and assented to the decree.

" Transactions between the guardian and ward, during his minority, are alone the subject of settlement in a guardianship account." *Crowell's Appeal,* 2 Watts 295. The claim of the appellant against the ward accrued after the ward had become twenty-one years of age, and no obligation attached to the guardian in connexion therewith, in his official capacity, the suit by the appellant having been commenced after the ward became of the age of twenty-one years.

The decree of the probate court is conclusive upon parties properly before it, who are subject to its jurisdiction in the matter of the decree, to wit: as between the guardian and ward, but not as between the ward and his creditors, or between the guardian and the creditors of his ward. The creditors have a plain and adequate remedy upon the guardian's bond. Minot's Dig. ch. 4, p. 364, § 6.

If the appellant had such an interest as entitled him to the right of appeal, still he has furnished this court with no record of the proceedings of the court below, which alone can be the basis of adjudication by this court. The appellant has set forth no reasons for his appeal such as the law requires. Rev. Stat. ch. 170, p. 338, § 2. The fact that the court of probate made a decree, allowing the account, may be such a grievance as to give the right of appeal, but cannot be the "reasons" to be set forth therefor. There must be some illegality and injustice in the decree, set forth in the appeal as " reasons " therefor, so as to become the subject of adjudication by the court, in order to make it sufficient in form.

The appeal is ineffectual, because no proper bond has

been given by the appellant. The appellant must sign, or if the signature of an attorney would be sufficient, (which is denied,) it must be by authority of an instrument under seal, existing at the time of signature, attached to or inserted in the bond, or filed so as to appear on the record, and its sufficiency thus become a subject of judicial determination.

But if the court should be of the opinion that here is a proper party, who has rightly appealed, in form and substance ; still the decree is right and just, and should be confirmed by this court.

All the property which came into the hands of the guardian, belonging to his ward, was received by the ward prior to the existence of the claim of the appellant against the ward. No mismanagement occurred or is charged. The ward received from the guardian all his own, faithfully kept until it was appropriated by the ward; and although, perhaps, paid to him in part in such form and under such circumstances, that the ward might, when of age, have availed himself of his minority to take, unjustly, a part of the property from his guardian a second time, yet that privilege is not extended to the appellant. " Infancy is a personal privilege, of which no one can take advantage, but the infant himself." Minot's Dig. p. 386, § 5. The ward has affirmed the contract under which he received his property, and fully released his guardian since he became of age, which release the said guardian here brings into court.

*Stevens,* for the appellant.

BELL, J. The objection taken to the right of the appellant to take an appeal is necessarily fatal to the whole proceeding, if it proves to be well founded. The clause of the statute, which designates those entitled to appeal from decrees of the courts of probate, is very broad. " Any person aggrieved by any decree, order, appointment, grant, or denial

of any judge of probate, *which may conclude his interest,* and which is not strictly interlocutory, may appeal therefrom to the superior court of judicature next to be holden in the county."

The only question, then, is, if the appellant has an interest which may be concluded by this decree.

The ward had, at some time, funds in the hands of his guardian; those funds, if not previously paid over to the ward, the appellant has attached by the trustee process. He has thereby acquired a lien upon those funds, recognized by the law as an interest in some degree analagous to those of a mortgagee. *Kittridge* v. *Emmerson,* 15 N. H. Rep. 227. He has acquired a right somewhat like that of an assignee of the ward, to be heard in all questions affecting the right of the ward, now become his own, either in part or wholly.

The court of probate has the exclusive jurisdiction to settle and adjust all controversies between guardian and ward, and those who represent them, relative to the estate of the ward in the hands of the guardian. The proceedings before that court are not, as in cases at common law, between certain parties, known and designated as such in the proceedings; but they are in the nature of proceedings *in rem,* which, upon such notice as the law prescribes, bind all parties interested in the subject-matter.

The attaching creditor, then, as it seems to us, upon this general view of the rights of parties, has an interest which must be concluded by the decision of the court of probate, and, consequently, he is entitled to appeal.

The case of *Bryant* v. *Allen,* 6 N. H. Rep. 116, is the only case we have found reported in this State upon this point. In that case, Bryant had acquired from one of the heirs a life estate in part of the real estate of a person deceased. On settlement of the account of administration, a balance was found due to the administrator. Bryant appealed, on the ground that the land in which he had acquired an interest would be liable to be sold, by a license of the

court of probate, to satisfy that balance. The court held that the decree of the court of probate would be final and conclusive as to the account, if not appealed from, and, consequently, he had the right to appeal, to protect his interest. This case very closely approaches that before us. It differs in this, that the appellant had become owner of an estate, which was liable to be defeated by proceedings in the probate court, while in this case, not a title, but a contingent interest only, had been acquired. But if a right in the property affected, or liable to be affected by the decree, is sufficient, it cannot make a difference what is the character or amount of that interest. The only question made material by the statute is the existence of an " interest which may be concluded."

The case of *Sawyer* v. *Copp*, 6 N. H. Rep. 42, is to this effect. If an estate is settled in the insolvent course, any creditor may appeal from a decree allowing a private claim of the administrator. His interest may be very minute in such a case.

In *Mathes* v. *Bennett*, 1 Foster's Rep. 188, it was held that when a person died intestate, leaving a daughter, who died leaving children, those children had such an interest as authorized their guardian to appeal from the decree of the judge of probate upon the administration account upon their grandfather's estate, though it had been held in such a case in Massachusetts, (*Downing* v. *Porter*, 9 Mass. Rep. 386,) that only the administrator of the daughter's estate could appeal. The case of *Northampton* v. *Smith*, 11 Met. 390, strongly supports the decision here. In that case, it was held that when money was devised to trustees, to be paid over to the town at the end of sixty years, the town had a right to appeal from a decree respecting the will. The trust of an administrator is usually much shorter lived.

In the case of *Stebbins* v. *Lathrop*, 4 Pick. 33, it was said by *Wilde*, J., that a creditor of a devisee had the right of

having a will proved for the purpose of obtaining satisfaction of his debt, because he has the right to offer the will in evidence, or to make a title under it; though this is not probably the doctrine of the Massachusetts courts now.

In *Bancroft* v. *Andrews*, 6 Cush. 496, it was held that one who has a deed from the widow and heirs of the intestate, of the reversion of the land assigned to the widow for dower, which reversion the creditors seek to apply toward the payment of their debts, has sufficient interest in the appointment of an administrator *de bonis non* to appeal from a decree appointing him.

The case of *Smith* v. *Bradstreet*, 16 Pick. 264, is very like the present, and strongly supports the view we have taken. In that case, it was held that where a will, by which the real estate of the testator was devised, was allowed by the judge of probate, a creditor of one of the heirs at law of the testator, was not merely as such entitled to appeal from the decree, but it is otherwise if the creditor has attached such real estate at the time of the decree, and appeal claimed, in an action against the heir. *Shaw*, C. J., remarking, the appellant has a right to appeal. His title depends upon proof of the will. An attachment constitutes a lien, a real interest in the land, which may be followed up to a perfect title. If the will is proved, it defeats this title. If rejected, it establishes it. The trial of this fact in the probate court is conclusive upon this question, and the appellant has no other time or place or forum to try it in. If this will is established by the decree of the probate court, when, as he offers and professes, he is able to show that it is invalid and void, we think he is aggrieved by the decree, and by force of the statute is entitled to prosecute his appeal.

On the whole, we entertain no doubt that the appellant here is entitled to take this appeal.

It is further objected that no valid bond has been given to prosecute the appeal and to pay the costs, as required by the third section of the same chapter, before referred to, of

the Revised Statutes. A bond was filed, a copy of which is before us. It is signed by the appellant, by his attorney; and the attorney admits that he signed it under parol authority and general instructions from the appellant, who is resident in California.

The law is too well settled to bear discussion that a power to execute a sealed instrument must be under seal. Paley on Agency 157; Story on Agency 50; Kent's Com. 614; 2 Bouv. Inst. 13. It has been, in many cases, decided that an attorney, retained generally to prosecute or defend a suit, has no power to release a person to make him a witness. *Murray* v. *Home,* 11 Johns. 464; *Bowne* v. *Hyde,* 6 Bark. 392; *Shores* v. *Caswell.* 11 Met. 413; *York Bank* v. *Appleton,* 5 Shep. 59.

And in the case of *Exparte Holbrook,* 6 Cowen, 36, it was held that a general power to defend all causes, &c., would not authorize an attorney to execute an appeal bond in the name of his client. The bond, then, was not sufficient.

It is not contended that any notice was given of the appeal, as required by the fourth section of the same statute, and in the case of *Parker's Appeal,* 15 N. H. Rep. 24, it was remarked that if these provisions, (as to a bond and notice,) are not complied with, this court cannot take cognizance of the appeal, but it must be dismissed.

It is unfortunate that the language of the statute should be thought such as to require this construction, since its effect will generally be to drive the party to a petition of appeal under the seventh section of the same chapter.

*Appeal dismissed.*