## Petition of Luther French.

If one omit to appeal from a probate decree, for sixty days, leave to appeal will not be granted for the reason that the petitioner had forgotten material facts at the time of the hearing; his omission to avail himself of such facts being rather of the nature of neglect than of misfortune or accident.

Leave will not be granted unless it appear that injustice has been done by the decree.

Petition for leave to appeal from a decree of a court of probate. The petitioner had, on the fourth Tuesday of April, in 1830, been appointed by that court guardian of Abigail M. Presby, and on the fourth Tuesday of June,

1844, exhibited his account, which was settled by a decree of the same court on the third day of January, 1845.

The ward was, with Joseph E. Presbry, heir to Joseph Presbry, whose widow the petitioner had married. The real estate of the deceased had been charged with certain annual payments and other provisions for the benefit of one Judith Presbry during her life, and had been by the petitioner relieved of that charge by the payment of a gross sum to her in pursuance of an agreement made with her to that effect. An instrument executed by her was exhibited, dated January 15, 1831, reciting an agreement made and entered into by the parties on the 12th day of April, 1830, by which said Judith " conveyed unto (the petitioner) Luther French all the right, title, interest and claim, which she now has or may hereafter have in the estate of said Joseph Presbry, deceased," (grandfather of the ward) " and also all the provisions made me, the said Judith, by my late husband, Joseph Presbry," &c., " and release and surrender unto the said Luther all my right in said Joseph's house, barn, and the provision which I was to receive from year to year from the estate of said Joseph Presbry, deceased," &c. The instrument acknowledged the receipt of one cow, and $350, in full consideration. The petitioner gave his note, dated on the 12th day of April, 1830, for the $350, which he afterward paid.

The petitioner claimed to be allowed, against his ward's share of the rent of the real estate, a sum equal to the same part of the value of the provision with which it had been charged in favor of Judith Presbry, upon the ground that the transaction with the incumbrancer was in the nature of a purchase and transfer of her rights, and that the expense was borne by himself, and intended for his own exclusive benefit.

But the court of probate decided that he could charge his ward only with her proportionate share of what he had paid in exoneration of the estate, and decreed that

the account should be settled accordingly. This was one of the grounds of the appeal claimed.

It was also stated in the petition that a part of the estate of Joseph Presbry, of which the widow, the petitioner's wife, was dowable, had been sold for the payment of the debts of the deceased, and that the dower, in consequence, should have been more than one third of the remainder. But in his account he had been charged, in favor of the ward, with one full third part of the rent of the estate. And this was another ground of the appeal claimed.

But it appeared that this claim was not urged by the petitioner at the hearing in the court of probate; and that in his account, as exhibited by himself in that court, he had charged himself with one third the rent of the real estate as belonging to the ward.

The appeal not having been claimed within sixty days from the decree, the petitioner stated, as a reason for its allowance by this court, that at the time of the hearing the fact of a part of the real estate having been sold for the payment of debts was entirely forgotten by the petitioner, and that the order relative to the purchase of Judith Presbry's annuity or charge on the real estate was made upon the understanding that the purchase was made after the appointment of the petitioner as guardian, and the fact was so understood by the court and by the petitioner at the hearing, whereas, from subsequent examination, it appears that the purchase was made before the appointment.

It appeared in evidence, however, that at the hearing in the court of probate the petitioner had insisted that he had made the purchase upon consultation with the judge for the time being, who had told him that he could not charge the estate of his ward with the purchase, but that if he made it he would do so at his own risk. He therefore argued that he ought to have the benefit of it.

It also appeared that the petitioner has been the purchaser at the administrator's sale of the land that was sold for the payment of the debts of Joseph Presbry.

*Pierce*, for the petitioner.

*Perley*, for the ward.

WOODS, J. The law requires that appeals from decrees or orders of judges of probate be taken within sixty days. But provision is also made that the person aggrieved by the decree, who is prevented from appealing therefrom within the sixty days, through mistake, accident or misfortune, and not through his own neglect, may petition the superior court at any time within two years thereafter, to be allowed an appeal, setting forth his interest, his reasons for appealing, and the causes of his delay. Rev. Stat., chap. 60, secs. 1, 2 and 7.

By the ninth section it is provided, that "If it appears that the petitioner has not unreasonably neglected to appeal, and that injustice has been done by the decision of the judge of probate, such appeal shall be allowed, heard and tried on such petition."

It does not appear that the petitioner in this case was prevented through mistake, accident or misfortune from claiming his appeal within sixty days from the decree. No cause for the delay is alleged except his own forgetfulness of facts that were perfectly well known to him, and it is certainly not clear from doubt that any facts were forgotten or misrecollected.

First, as to the time when the purchase of the rights of Judith Presbry was made. So far as there is any evidence on that point, it tends to show that it was not completed until the 15th day of January, 1831. Such is the effect of the instrument exhibited by which the annuitant conveyed or released her claim, for it is dated on that

day, although it recites an agreement of an earlier day. Such, also, is the effect of the petitioner's own declarations, made at the probate court, from which it appears that he entered into the arrangement under the influence of doubt and deliberation, on the question of his power to bind his ward by it.

Secondly, as to the sale of the land under the probate license to pay the debts of Joseph Presbry. It can hardly be said that he was prevented by any cause from appealing from a decree which was founded upon his own representations, and in exact accordance with them. Besides, there is no evidence that the land sold was land of which the widow was dowable.

But by the mistake, accident or misfortune mentioned by the statute, cannot be intended the forgetfulness of the party to avail himself of, facts within his own knowledge. It would be impossible to assign a limit between the misfortune for which the law makes provision, and the neglect which it expressly excludes from its benefits, if forgetfulness, extending throughout the whole period of the preparation and the hearing of the cause, and through the sixty days following, could not fairly be called neglect.

But the petitioner not only fails to establish a case of misfortune, accident or mistake, but to show that injustice has been done by the decree.

As has been suggested, it seems more probable, from the evidence, that the purchase from the annuitant was subsequent to the appointment, than otherwise, and there is no proof that the lands sold for debts of John Presbry were subject to dower of his widow.

*Petition dismissed.*