# N. E. MUTUAL FIRE INSURANCE CO. *v.* LISBON MANUFACTURING CO.

In general, upon a petition for a new trial under the statute, where it appears that a trial has not been had by reason of accident and misfortune, the Court will grant a new trial without inquiring into the merits of the controversy.

N. E. Mutual Fire Insurance Co. v. Lisbon Manufacturing Co.

But where the whole case appears from the papers, and the parties submit the matter to the Court for decision, the Court will examine the merits, and if it appear that no injustice has been done, will refuse a new trial.

PETITION for a new trial, filed on the 30th day of May, 1850.

It was stated in the petition that, on the 22d day of January, 1850, the defendants brought an action against the plaintiffs, the writ being returnable on the second Tuesday of April, 1850, entered the action and took judgment by default, for $2,040.00 debt, and $23.76 costs. The action was brought on a policy of insurance dated on the first day of October, 1846. The petition also stated, that the petitioners had a good defence to the suit, and intended to make it; but through accident, mistake, and misfortune, omitted to appear and make any defence, and that, therefore, justice had not been done.

Upon application to one of the justices of the Court, an injunction was issued restraining the manufacturing company from suing out an execution on the judgment, or bringing a suit thereon. The injunction was dated on the 26th day of June, 1850, and served on the 28th of June.

*Quincy*, for the petitioners.

*J. & S. H. Goodall*, for the petitionees.

GILCHRIST, C. J. A review may be granted where it shall appear that justice has not been done, through accident, mistake, or misfortune, and that a further hearing would be just and equitable. Rev. Stat. chap. 192, § 2.

In this case, evidence has been submitted to the Court, tending to show that the attorney of the Insurance Company was instructed to defend the suit, — that he intended to do so, but omitted to enter his appearance because he mistook the time of the session of the Court, which was on the second Tuesday of April, while he supposed it to be on the fourth Tuesday.

There is also evidence that an additional insurance was obtained in the Union Company without the consent of the directors of the New England Insurance Company, and also that the

sum which the Manufacturing Company sought to recover was more than two thirds of the value of the property. Upon the first point, considerable evidence has been laid before us, upon the question whether the consent of the directors was or was not obtained. The general rule is, that when it appears that a trial has not been had, by reason of accident and misfortune, the Court will give the party an opportunity for a trial without inquiring into the merits of the controversy. That matter is to be investigated before another tribunal. Sometimes, where the whole case is contained in, and appears from the papers, and the parties submit the whole matter to us for decision, we have examined the merits of the case, and if it has appeared that no injustice has been done, we have refused a new trial; but in general, a new trial is granted without inquiring farther than is necessary in order to ascertain whether the party, by reason of some accident or misfortune, has been deprived of the opportunity of being heard. We think that fact appears in this case, from the evidence submitted to us.

The costs of the proceeding in this Court are to be taxed here in favor of the party who may prevail upon the trial in the Court of Common Pleas.

*New trial granted.*