## MATTHEWS, *Petitioner*, v. FOGG & als.

An appeal from the decision of a Court of Probate will be granted, where the same has been lost through accident, mistake or misfortune without fault, if it appear that important questions of fact and law were involved therein, which the petitioner intended and was reasonably entitled to litigate before the appellate tribunal.

Generally the merits of the controversy between the parties will not be determined or fully investigated on a petition for such appeal.

PETITION for leave to appeal from the decree of the Judge of of Probate for this county, refusing to grant the prayer of four several petitions of the petitioner, filed in the Probate Court against the several petitionees respectively. Those petitions were filed at the July term, 1856, of the Probate Court for this county, and an order of notice issued, after which they were

Matthews *v.* Fogg.

continued from term to term until November term, 1856, when they were dismissed. They alleged that David Matthews, the husband of the petitionee, died seized of an undivided half of each of four several tracts of land, situate in Hancock, and particularly described in the petitions, one of said several tracts as tenant in common with each of the petitionees; that, as the widow of said David, she was entitled to dower in the undivided half of each of said tracts; that there was no dispute about the title; that she could not have her dower assigned to her unless partition of said lands was first made; wherefore she prayed the appointment of committees to divide said lands between the estate of her late husband and the several petitionees, and thereupon to set out and assign to her, her dower in the portion assigned to the estate of her late husband.

Before the Judge of Probate questions arose as to the interest of the husband of the petitioner in the premises described in the petitions; whether he had been seized of them in his individual capacity, or held them as partnership property in common with one Morrison, with whom he had been connected in business as a co-partner. The lands had been levied upon as partnership property by the several petitionees, who were creditors of the firm. Several important matters of fact and questions of law were raised and discussed before the Judge of Probate; and, after hearing and considering the same, he refused to appoint committees, and dismissed the petitions. The petitioner immediately gave notice of her intention to appeal from this decision, and before the expiration of the sixty days limited for filing her appeal and bond, filed the bond required by statute in such cases, prepared her appeal and the reasons therefor, and forwarded the same by express from Nashua to Amherst, with instructions for them to be filed in the Register's office within the sixty days. By the mistake or neglect of the express agent they were not filed until the day after the expiration of the sixty days by law limited for taking the appeal.

*Hughes & Wilcox*, for the petitioner.

Matthews *v.* Fogg.

*Cutter*, for the petitionees.

FOWLER, J. The only question arising in this case is whether, under the circumstances set forth in the petition, and apparent from the copies from the Probate Court, an appeal shall be granted without a full investigation of the merits of the controversy between the parties. And we think it should be. It distinctly appears that important matters of fact and questions of law arose in the hearing before the Judge of Probate, the right to investigate which before the Supreme Court of Probate has been lost to the petitioner by accident or misfortune, without any fault or neglect on her part. If the decree stands unappealed from, injustice will be done to the petitioner, inasmuch as she will be precluded from litigating important rights and questions before the tribunal whose judgment she was entitled and intended to have upon those rights and questions. And it is not usual or necessary to investigate fully the merits of the controversy between the parties on the petition for appeal. That can much better be done upon the appeal itself, than in a mere preliminary proceeding like the present.

This view of the rights of parties, and of the powers and duty of this court in a case like the present, seems fully sustained by the reasoning in *Parker's Petition for an Appeal*, 15 N. H. 24, and in *N. E. Mut. Fire Ins. Co.* v. *Lisbon Manuf. Co.*, 22 N. H. (2 Foster) 170, in the analogous case of a petition for a new trial.

*Appeal granted.*