Tilton *v.* Tilton.

---

TILTON, *Appellant, v.* TILTON, *Executor, Appellee.*

The first section of the 170th chapter of the Revised Statutes, which provides that any person aggrieved by the decree of a judge of probate may appeal therefrom to the superior court next to be holden in the county, is to be construed in connection with the second and fourth sections of the same chapter; so that if an appeal be taken under the first and second sections at so late a period that notice thereof can not be given, as required by the fourth section, before the first term of court, the appeal must be taken and notice given for the next subsequent term, being the next term after the appeal is taken at which it is practicable, consistently with the requirements of the law, to enter and prosecute the same.

Misapprehension of the law in such case, is such a mistake as will entitle the party to relief upon a petition for leave to appeal, presented conformably to the provisions of the seventh section of said chapter.

APPEAL, from a decree of the judge of probate for this county, granting to the appellee as executor of the last will and testament of Rachel Tilton, deceased, license to sell the real estate

of said testatrix to pay the expenses of administration, amounting to about seventeen dollars. The decree appealed from was made on the twenty-first day of October, 1856. The appeal was taken December 18, 1856, within sixty days from the date of the decree to the Supreme Judicial Court for this county, holden on the fourth Tuesday of December, 1856. Bond was duly filed, but no notice of the appeal was published before that term. At that term the appellee moved to dismiss the appeal, for the reason that no notice thereof had been published as required by the statute, but did not appear generally. At the present term it appeared that subsequently to the December term, 1856, notice had been duly published in the Winnepesaukee Gazette, printed at Laconia, that the appeal had been taken and would be entered at the December term, 1856.

*E. A. Hibbard,* for the appellee.

*Pike & Barnard,* for the appellant.

FOWLER, J. The only question in this case arises upon the construction of those provisions of the 170th chapter of the Revised Statutes relating to the manner of taking appeals from courts of probate. The first section provides that any person aggrieved may appeal to the superior court of judicature next to be holden in the county. The second section limits the right of appeal to sixty days from the date of the decree appealed from. The fourth section requires immediate notice of the appeal and of the court at which it will be entered and prosecuted to be given by publication in some newspaper printed in the county, if any there be, otherwise in some newspaper printed in the State. Rev. Stat., chap. 170, secs. 1, 2 and 4; [Comp Stat., 429, 430.]

In the case before us, the appeal was taken to the next term of court holden in the county after the appeal taken; it was taken within sixty days from the date of the decree appealed from, and notice of the appeal and of the court at which it would be entered

and prosecuted was immediately given by publication in a newspaper printed in the county, so that there has been a literal compliance with all the requirements of the statute. And yet it is evident that the design of the legislature, in providing for the publication of notice, has not been attained, for the first publication of the notice was not until after the term of court at which the appeal was to be entered and prosecuted. At that term no notice had been given, so that further proceedings could be had, and the subsequent publication of notice to appear at a term that had already passed, is of no validity at the present term. The appellee is not in court except for the purpose of obtaining the dismissal of this appeal, and he can not now be defaulted, because he has had no notice of any proceedings at the present term. He could not be defaulted at the last term, because no notice had then been given of any proceedings at that term.

It is a familiar principle in the construction of statutes, that the whole of a statute is to be construed together, as well as that all statutes upon the same subject matter are to be considered in interpreting any one of them, and that such a construction is to be given to the different parts of each and to the whole, consistent with the words, as will promote the object and policy contemplated thereby. Every statute should be so construed that it may have a reasonable effect, agreeably to the intent of the legislature, and, if possible, so that no clause, sentence or word, shall be superfluous, void or insignificant. *Schooner Harriet,* 1 Story 251; *Hayes* v. *Hanson,* 12 N. H. 284; *Kilby Bank Petitioners,* 23 Pick. 93; *Opinion of the Justices,* 22 Pick. 571; *James* v. *Dubois,* 1 Harr. 285; *Hutchen* v. *Niblo,* 4 Blackf. 148.

There can be no doubt that the leading object and policy of the statute in relation to appeals from courts of probate was to secure notice to the appellee and all parties interested; for such notice is essential to the validity of the proceedings. All parts of the statute must therefore, if possible, be so construed as to effect that object and accomplish that policy. And we are of opinion that, in accordance with this principle, the language of the first section of chap. 170 of the Revised Statutes may prop-

Tilton *v.* Tilton.

erly be so construed as to give full effect to the intention and purpose of the legislature in enacting the fourth section of that chapter; and that the phrase, court next to be holden in the county, is to be construed to mean, the court to be holden in the county next after it is practicable, consistently with the requirements of the statute, to give notice of proceedings to be had thereat; so that if an appeal be taken, in accordance with the provisions of the first and second sections of the chapter, at so late a period that notice thereof can not be given, as required by the fourth section, before the first term of the court to which the appeal is taken, the appeal must be taken and notice given for the next subsequent term at which it is practicable, consistently with the requirements in regard to notice, to enter and prosecute the same.

This construction of the clause under consideration, is in accordance with that which has been given to similar provisions of other statutes. *Dodge* v. *Acworth*, 32 N. H. 474; *Queen* v. *Warner*, 37 Eng. Law and Eq. 87.

The appeal in the present case, therefore, as notice could not be given thereof before the December term, 1856, should have been taken to the present term, and notice given accordingly. As this was not done, the appeal is not properly here, and must, therefore, be dismissed.

But as a bond was filed, and it is apparent that the appellant may have labored under a mistake in regard to the law in the proceedings heretofore had, he may be entitled to relief, upon a petition for leave to appeal, should one be hereafter filed agreeably to the provisions of the seventh section of chapter 170. For, misapprehension of the law is one of those "mistakes" or "accidents," against which the legislature intended to provide a remedy. *Parker's Appeal*, 15 N. H. 24.

Let, then, the appeal be dismissed, without costs or prejudice.