# REPORTS.

## Holt & a. *v.* Smart.

Where a party has been prevented from appealing from the decree of the judge of probate within sixty days, by mistake, accident or misfortune, the two years within which he is allowed by the statute to petition for leave to appeal, commence from the expiration of the sixty days, and not from the date of the decree.

Where the decree of a judge of probate relates to a single item, like the allowance of a sum for the present support of a widow, it is sufficient, in a petition for leave to appeal, to state generally that the petitioner is aggrieved by the decree, without setting forth more particularly the reasons of appeal.

Petition for leave to appeal from a decree of the judge of probate, passed on the 4th Tuesday of November, 1862, allowing the defendant, the widow of Charles Smart, eight hundred dollars out of his personal estate for her present support. The petition alleged that the petitioners intended to appeal from the decree, and claimed their appeal to the trial term of the Supreme Court held on the first Tuesday of February, 1863, and then entered their appeal, when it was transferred to the law term, where it was continued till December, 1864, when the appeal was dismissed for the cause that it should have been entered at the law term; that, by reason of a misconstruction of the true intent and meaning of the statute as thus interpreted by the court and through accident, mistake and misfortune thereby incurred, and not from their own neglect, they have been prevented from appealing within sixty days; and that they are aggrieved by the decree. They set forth their interest, and pray that they may be allowed an appeal. No particular grounds of appeal are set forth in the petition.

The petition was filed on the 16th day of December, 1864.

*George, Foster & Sanborn,* for the petitioners.

*Minot & Mugridge,* for the defendant.

Perley, C. J. The facts alleged in this petition make a case of mistake, accident and misfortune, such as will entitle the petitioners to the relief which they ask. *Parker's Appeal*, 15 N. H. 24 ; *Tilton v. Tilton*, 35 N. H. 430. But it is objected that the petition is not brought within the two years limited by the statute. The decree was passed on the fourth Tuesday of November, 1862 ; the petition was filed on the sixteenth of December, 1864, more than two years from

the date of the decree, but less than two years from the expiration of the sixty days allowed for the taking of an appeal.

The provision of the statute on this point is as follows: "Any person aggrieved by any such decision of a judge of probate, who was prevented from appealing therefrom within said sixty days, through mistake, accident or misfortune, and not from his own neglect, may petition the said superior court at any time within two years *thereafter* to be allowed an appeal." Is the limitation of two years to begin from the decision of the probate court or from and after the expiration of the "said sixty days?" The petition must be brought within two years *thereafter*. In grammatical construction and in sense and meaning, the word "thereafter" may be referred either to the decision of the judge of probate, or to "the said sixty days" allowed for taking an appeal.

It is a rule of legal construction that the relative shall be referred to the nearest of several doubtful antecedents. Where it is just as sensible, whether the relative is referred to one or the other of two antecedents, it will be referred to the last. Broom's Maxims 529; *The King* v. *Wright*, 1 A. & E. 434. In this case it is just as sensible to refer the word "thereafter" to the next antecedent, "the said sixty days," as to the decision of the judge of probate. We can see no reason why the legislature, in allowing time for the petition, should fix it at two years from the date of the decree, rather than at two years from the expiration of the sixty days allowed for an appeal.

Then, again, this provision, allowing a petition for leave to appeal after the sixty days, is remedial in character—being intended to relieve the petitioner from the consequences of mistake, accident and misfortune, and should have a liberal construction to advance the remedy.

For these reasons we are of opinion that the two years limited for the bringing of such a petition are to be reckoned from the expiration of the sixty days allowed for taking an appeal, and not from the date of the decree, and that this petition was filed within the time limited by the statute.

It is further objected that the reasons of appeal are not sufficiently stated in that petition; and the case of *Bean* v. *Burleigh*, 4 N. H. 550, is cited on that point. In that case it was held that nothing is open to objection in the proceedings of the court below upon the hearing here, except the grievances alleged in the petition as the reasons of appeal. *Bean* v. *Burleigh* was a petition for leave to appeal from a decree settling a guardian's account. The decree covered various items and was in effect a separate decree on each item. The decree might be right as to some of the items and erroneous as to others, and because the petitioner objected to one item there would be no reason to suppose that he was dissatisfied with any other.

In the present case the petitioners allege that they are aggrieved by the decree making an allowance of eight hundred dollars to the defendant. This is a single item, and they do not ask to be heard on any other matter. They have but one grievance, and that is the allowance of this sum to the defendant. There is nothing in *Bean* v. *Burleigh*, which gives countenance to the position that the petitioner is required

to set out his reasons in the nature of an argument against the decree, or to go into particular circumstances, on which he may rely in evidence. We think the reasons of appeal are sufficiently stated, and that, under the allegation that they are aggrieved by this decree, the petitioners may show on the hearing that the allowance was too large, or that none should have been made.