GROUT *v.* COLE.

{ Aug. 11, 1876.

*Probate appeal—Mistake—Accident.*

A creditor of the estate of a deceased person seasonably placed in the hands of his attorneys his appeal from the decree of the judge of probate, duly signed, and his bond duly executed, to be forwarded to the register of probate. The papers were mislaid without the knowledge of the attorneys, each of whom had reason to suppose the other had seasonably mailed them to the register. *Held*, that this was such mistake, accident, or misfortune as would entitle the creditor to maintain a petition for leave to appeal within the two years prescribed in Gen. Stats., ch. 188, sec. 7.

FROM COÖS PROBATE COURT.

PETITION, for leave to appeal from the decree of the judge of probate for this county, made May 4, 1875, allowing the account of the defendant as administratrix of the estate of Daniel Q. Cole, deceased, of which estate the petitioners are creditors. The evidence shows that they seasonably left with their attorneys, Messrs. Aldrich & Parsons, their appeal duly signed, and bond duly executed, to be filed in the office of the register of probate; that the papers were accidentally mislaid by a clerk in the office of their attorneys without their knowledge; that each of the attorneys supposed the other had seasonably attended to mailing the papers to the register; and that the omission to do so was not discovered till shortly after the expiration of the sixty days within which the papers should have been filed.

*Aldrich & Parsons*, for the petitioners.

*Ray, Drew*, and *Heywood*, for the petitionee.

SMITH, J. I think that under the decisions in this state this petition should be granted. *Matthews* v. *Fogg*, 35 N. H. 289; *Parker's Petition*, 15 N. H. 24; *Insurance Co.* v. *Lisbon Man'f'g Co.*, 22 N. H. 170; *Tilton* v. *Tilton*, 35 N. H. 430; *French's Petition*, 17 N. H. 472; *Holt* v. *Smart*, 46 N. H. 9. This case can hardly be distinguished from *Matthews* v. *Fogg*, where the accident relied upon was the mistake or neglect of the express agent to file the papers in the probate office until the day after the sixty days limited by law for taking the appeal, although seasonably delivered to him for transmission to the register.

The evidence in this case satisfies me that each of the counsel employed by the petitioners was honestly mistaken in supposing the papers had been seasonably forwarded, and that they might reasonably so suppose. It appears to be such a mistake or accident as under our decisions the statute was intended to relieve against, and the evidence taken shows that injustice may be done the creditors unless they can have the account of the administratrix reëxamined in this court.

CUSHING, C. J. The authorities cited by my brother Smith clearly show that this is one of the cases of accident, mistake, and misfortune which the statute is designed to remedy. It is also apparent from the evidence that injustice has happened by means of the decree from which the appeal is sought.

LADD, J., dissenting. I am unable to concur in the result reached by my brethren, for the reason that the evidence laid before us leaves the impression on my mind that the failure seasonably to file the appeal and bond in the probate office was the result of negligence on the part of the petitioners' counsel.

*Appeal allowed.*