ROWELL v. CONNER.

*Probate appeal.*

{ Aug. 11, 1876.

· 57  323
†68  399
68   400
68   401

The two years within which a petition may be presented to this court for leave to appeal from the decree of the probate court begins to run from and after the expiration of the sixty days within which such appeal may be claimed as matter of right.

The statement in such petition, that the administrator has been wrongfully credited with moneys as paid, and has neglected to charge himself with money which he has received, sets forth a sufficient reason for appealing.

FROM HILLSBOROUGH PROBATE COURT.

PETITION, for leave to appeal from the decree of the judge of probate, passed May 26, 1874, allowing the account of the defendant as administrator with the will annexed of the estate of Kate L. Conner, deceased. The petition was filed May 31, 1876, by the trustee, under the will for the minor children of the deceased, and sets forth as the reason for appealing " that the administrator in his said account neglected to charge himself with a large amount of money received by him belonging to said estate and the said minor heirs, and credited himself with a large amount of money not paid by him as administrator of said estate."

The appellee moved to dismiss the appeal, (1) because this petition was not brought within two years from the date of said decree, and (2) because the petition sets forth no sufficient grounds of appeal.

*C. R. Morrison*, for the petitionee.

*Morrison & Hiland*, for the petitioner.

SMITH, J. The petition was filed in season. The limitation of two years within which such petition may be brought is held to begin from the expiration of the sixty days next succeeding the decree of the probate court, and not from the date of such decree. *Holt* v. *Smart*, 46 N. H. 9.

The second objection is also untenable. The petitioner alleges that the administrator has failed to account for money for which he ought to have been charged, and has been wrongfully credited with money. This charge, if sustained, certainly constitutes a grievance which it is in the power of this court to remedy by a reëxamination of his account. If a more specific claim is needed to enable the parties to proceed to a hearing, the remedy will be found in permitting the reasons for appeal to be amended, provided the nature of the claim is not changed, or, if the nature of the circumstances will permit, by requiring the appellant to file a specification. I do not see, however, as the case now stands, that it would impose any hardship upon the appellee to require him to proceed to a hearing as to his account, if the appeal is allowed, upon the petition as it now stands.

CUSHING, C. J. The case of *Holt* v. *Smart*, cited by my brother SMITH, proves conclusively that this petition is in season. I think, also, that the causes of appeal are set forth with sufficient precision, but if not, I believe, according to our decisions, a statement of the reason of appeal may be amended.

LADD, J., concurred.

*Motion to dismiss denied.*