Hillsborough, } No. 3283.
Jan. 6, 1942. }

ELLEN A. BRODERICK *& a Ap'ts v.* GEORGE H. SMITH, *Trustee.*

34

*William G. McCarthy, Thomas J. Leonard, Ivory C. Eaton,* for certain plaintiffs, and *McLane, Davis & Carleton* and *Robert E. Earley,* for certain parties in interest, filed no briefs.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wadleigh* orally), for the defendant.

*Hamblett & Hamblett,* for a party appearing as a co-executrix or co-trustee, filed no brief.

ALLEN, C. J.   I.   The statute (P. L., c. 311, s. 2) requires that a probate appeal shall be claimed within sixty days after the decision appealed from and shall set forth the reasons of the appeal.   The ensuing section of the statute (Ib., s. 3) requires the appellant to "give bond, with sufficient sureties, to prosecute his appeal with effect."   The next section (Ib., s. 4) requires immediate notice to be given of the appeal and of the court at which it will be entered.   By another section of the chapter (s. 7) a party prevented from appealing within sixty days "through mistake, accident or misfortune, and not from his own neglect," may petition the Superior Court within two years thereafter, to be allowed an appeal, "setting forth his interest, his reason for appealing and the causes of his delay." If it appears that the neglect to appeal within sixty days is not unreasonable "and that injustice has been done by the decision of the judge, the appeal shall be allowed, heard and tried."   Ib., s. 9.

By a general statute of probate appeals enacted in 1822 (9 Laws N. H., c. 32, p. 127; Laws of N. H. 1830, Tit. 84), an aggrieved party might appeal; "provided, that such appeal be claimed within sixty days, . . . in writing . . . setting forth the reasons of his appeal; and provided further, such person or party give bond, with sufficient surety, to prosecute his said appeal with effect. . . . And the appellant shall immediately give notice of the appeal, and of the court at which it will be entered, and prosecuted. . . ." Ib., s. 1.   If "not prevented appealing . . . by his own neglect, but through mistake, accident or misfortune," a party might petition the appellate court, "setting forth his interest, his reasons for appealing, and the causes of his delay, . . . and if it shall appear that the petitioner has not unreasonably neglected to appeal, and that injustice has been done by such decision of the Judge of Probate," the appeal may be granted; "and thereupon the said appeal shall be considered as being in court, and shall be heard and tried under said petition."   Ib., s. 2.

No other than verbal changes of the 1822 act have been made in the subsequent revisions of public laws, and the reading of the 1822 act accordingly is determinative of the construction of the revision (Public Laws) here applicable.   In the 1822 act, the conditions for the contents of the appeal petition and for the bond appear as preliminaries of equal standing preceding the requirement of immediate notice.   Both conditions and the requirement of notice are contained in the first section of the act.   The conditions are each components in the complete requisite of procedural action in instituting

the appeal. Fairly, as the act reads, the appeal with its necessary contents and the bond were to be filed within the sixty day period. No indication of a purpose that the filing of the bond might be postponed to a later time is manifest. The order of notice was contingent upon compliance with the conditions of an appeal in statutory form and of a bond, and the more reasonable view is that the bond, as an accompaniment of the appeal and to perfect it, was to be furnished within the time limit. The act contemplated that the order of immediate notice should not issue until a satisfactory bond was filed.

It follows that the appeal here was not seasonably brought within the sixty day period, and the question arises whether it may be considered as properly brought within the ensuing period of two years. If it may be found that the plaintiffs' neglect to file a bond within the sixty day period was reasonable, the question upon the issue of time is to be answered affirmatively.

The plaintiffs had counsel of many years of practice. First taking the untenable view that under the statute principals on the bond are sureties for each other, he was advised by the Register of Probate that they could not act as sureties. This advice was received more than thirty days before the sixty day period expired. A bond with sureties was filed two days after the period. No good reason appears for not filing it in season. Although plaintiffs' counsel relied on his "professional judgment" that under the statute principals are sureties for each other, he knew that the probate office took a contrary position, to which he yielded, but too late. He offered no support of authority for his mistaken view of the double status of two or more principals. He chose while it was open to him, to take a course of the safety of which he could not be certain, in preference to one which he knew was safe. Ample time in which to take the latter course is not in issue. No reason of difficulty or expense in obtaining a bond with sureties is suggested. The course taken, it is considered, cannot be found reasonable. In behalf of his clients counsel took needless chances when a known course of expedient safety was available. The sincerity of his mistaken judgment does not excuse him. While a mistake of law has been held good reason for delay (*Parker's Appeal*, 15 N. H. 24; *Tilton* v. *Tilton*, 35 N. H. 430; *Holt* v. *Smart*, 46 N. H. 9), action in reliance upon the mistake must be reasonable.

There being unreasonable neglect in seasonably furnishing the statutory bond, the appeal was not seasonably brought.

II.   The statute, both as to the sixty day and two year periods, requires the appeal petition to set forth its reasons of grievance. This requirement received able exposition by Chief Justice *Richardson* in *Bean* v. *Burleigh,* 4 N. H. 550.   It is suggested in *Lane* v. *Hill,* 68 N. H. 398, 400, that the statute of amendment (now P. L., *c.* 334, *s.* 9) may permit delay of the statement of reasons to "any stage of the proceedings."   A number of cases are there cited in which the appeal statute was applied with no consideration of the statute of amendment.   In view of the fact that the latter statute has been in force in some form since 1791 (Const. & Laws of N. H., 1805, *p.* 87; Laws of N. H., 1830, *Tit.* 19, *c.* 3, *s.* 3) and in its present form since 1843 (R. S., *c.* 186, *s.* 11), and during the period in which the cases cited in *Lane* v. *Hill* were decided, the suggestion that the statute of amendment was not as applicable to the cases as when *Lane* v. *Hill* was decided seems unacceptable of adoption.

While the reasons of the appeal need not be set forth "in the nature of any argument against the decree" (*Holt* v. *Smart,* 46 N. H. 9, 10, 11, cited in *Rowell* v. *Conner,* 57 N. H. 323), and while the reasons may be stated in general terms with the benefit of the statute of amendment, the grievances should be specified and sufficiently itemized so that new grounds shall be barred.   The statute of appeal and the statute of amendment are to be correlated.   Limitations of time have in view the expeditious settlement of estates and of probate litigation.   In construction of the statutes, there can be no injustice in holding a party to a requirement from which he shows no good reason for relief.   While as to failure to state reasons as well as to seasonable action, a mistake of counsel, in respect to law as well as to fact, is ground for relief (*Grout* v. *Cole,* 57 N. H. 547; *Clough* v. *Wilton,* 79 N. H. 66), the statutes expressly bar all negligent mistakes.

As the master's report is understood, he took the position that the statute of amendment permitted delay in statement of the reasons, but it does not appear, and is not to be assumed, that the plaintiffs' counsel was ignorant of the need of stating the grounds of appeal in drawing the petition for it.   The evidence offers no explanation whatever of the failure to state them, and the plaintiffs have not met the burden of showing that the failure was not due to negligence.

On this ground also, it follows that the appeal should be dismissed.

III.   When an appeal is granted under the two year statute, it must appear that "injustice has been done" by the probate decree

38

before it is "allowed, heard and tried." P. L., c. 311, s. 9. To establish the injustice, it must appear that the appellant "will be precluded from litigating important rights and questions before the tribunal whose judgment she was entitled and intended to have upon those rights and questions." *Matthews* v. *Fogg*, 35 N. H. 289, 291. ". . . although . . . the court will not fully and critically examine the merits of the controversy, the petitioner will be required to furnish *some* evidence to the effect that the appeal is taken in good faith, that he actually intends to try the issues presented thereby, and some evidence tending to show the truth of the petitioner's allegations" of important questions of law or fact. *Moulton's Petition*, 50 N. H. 532, 538.

The record contains no evidence of the facts necessary to make out a case of injustice, under the test the cases have laid down, and the master has found only the possibility of injustice if the appeal is not granted. Additional reason for the dismissal of the appeal thus appears.

*Appeal dismissed.*

BRANCH, J., dissented on first ground and otherwise concurred; the others concurred.