Mary L. Arnold & a. v. Alice J. Hay, *Trustee & a.*

*William H. Sleeper* (by brief and orally), for the plaintiffs.

*Charles F. Hartnett* (by brief and orally), for the defendants.

Branch, C. J.   The following sections of chapter 365 of the Revised Laws entitled Appeals from the Court of Probate, are applicable to the case now before us.

"1. Who may appeal.   Any person aggrieved by a decree, order,

appointment, grant or denial of a judge, which may conclude his interest and which is not strictly interlocutory, may appeal therefrom to the superior court, at the term next to be holden for the county.

"2. TIME LIMIT, Etc.   The appeal shall be claimed within sixty days from the time of making such decision, and not after, in writing, signed by the party appealing or his attorney, setting forth his interest therein and the reasons of his appeal. . . .

"4. NOTICE.   Notice shall be immediately given of the appeal, and of the court at which it will be entered and prosecuted, by publication thereof, or by such personal notice as the judge of probate may order. . . .

"7. PETITION FOR RIGHT.   Any person aggrieved by a decision of a judge, who was prevented from appealing therefrom within sixty days, through mistake, accident or misfortune, and not from his own neglect, may petition the superior court at any time within two years thereafter, to be allowed an appeal, setting forth his interest, his reason for appealing and the causes of his delay."

The notice of the appeal required by section 4, is an essential component of the procedural action necessary to the bringing of an appeal. *Broderick* v. *Smith*, 92 N. H. 33, 35.   "Without a compliance with these provisions there is no valid appeal."   *Clough* v. *Sanders*, 53 N. H. 618, 619; *Parker's Appeal*, 15 N. H. 24.   Consequently unless the plaintiffs can now show that they were "prevented from appealing . . . within sixty days through mistake, accident or misfortune, and not from [their] own neglect," their right to appeal is wholly barred by the statute.   The present petition was, therefore, an essential prerequisite to the acquisition of any right of appeal by the plaintiffs under section 7, and the principal issue at the trial was whether the plaintiffs' failure to give notice as required by the order of notice was due to "mistake, accident or misfortune."   The Court found that "the petitioners were prevented from appealing from the decision of the judge of probate through mistake and accident and not from their own neglect," and entered a decree that "the petition for right to appeal under the provisions of c. 365, s. 7, of R. L. is allowed."

The intervenor seasonably moved that the petition be dismissed upon the ground that, "(1) That the evidence does not, as a matter of law, justify a finding or ruling that such accident or mistake existed as would permit the late entry of the appeal from the Probate Court." This motion was denied and an exception noted.

It appeared in the evidence that counsel for the plaintiffs entrusted the taking of this appeal to an agent in his office who is not a member

of the bar. This agent testified that the reason why service was not made in accordance with the order of the Probate Court was that he "understood" from the Register of Probate that a resident agent for the Massachusetts trustee upon whom service might be made was to be appointed and "We thought that . . . the order to give immediate notice wouldn't run in the absence of an agent." These are the only "mistakes" of which there was evidence.

There is no statutory requirement that non-resident trustees shall appoint a resident agent. R. L., c. 352, s. 25 merely provides that a non-resident administrator shall appoint some person residing in this state as his agent to receive notice of claims against the estate and service of process against him as executor or administrator. This statute has no application to trustees. There was, therefore, no legal basis for the understanding of counsel's agent that a resident agent for the trustee would be appointed. It appeared, however, that prior to the filing of the account in question an unofficial agent for the trustee had been appointed without statutory authority and that this agent had previously died. If these facts be thought to give some factual justification for counsel's understanding that a new agent would be similarly appointed, they obviously would furnish no basis for his further assumption that the time for giving notice of the appeal would not run until such appointment was made.

It is plain from what has been said above that counsel's mistake was one of law and not of fact. This case is, therefore, governed by *Broderick* v. *Smith*, 92 N. H. 33. In that case the petitioner's representative relied upon his own judgment with no authority to support it and contrary to the advice of the register of probate. He, therefore, failed to file the necessary appeal bond until two days after the sixty day period had expired. It was there said: "He [plaintiff's counsel] chose while it was open to him, to take a course of the safety of which he could not be certain, in preference to one which he knew was safe. Ample time in which to take the latter course is not in issue. . . . The course taken, it is considered, cannot be found reasonable. In behalf of his clients counsel took needless chances when a known course of expedient safety was available. The sincerity of his mistaken judgment does not excuse him. While a mistake of law has been held good reason for delay (*Parker's Appeal*, 15 N. H. 24; *Tilton* v. *Tilton*, 35 N. H. 430; *Holt* v. *Smart*, 46 N. H. 9), action in reliance upon the mistake must be reasonable.

"There being unreasonable neglect in seasonably furnishing the statutory bond, the appeal was not seasonably brought." *Id.*, 36.

502

Since counsel for the present plaintiffs unreasonably neglected to give the notice required by the Probate Court although he had ample time to do so while the choice was open to him, he chose to take a course, of the safety of which he could not be certain, in preference to one which he knew, or in the exercise of reasonable diligence should have known was safe. For this reason, the finding of the Superior Court that "the petitioners were prevented from appealing from the decision of the judge of probate through mistake and accident and not from their own neglect" is set aside and the petition must be dismissed.

"Limitations of time have in view the expeditious settlement of estates and of probate litigation. In the construction of the statutes there can be no injustice in holding a party to a requirement from which he shows no good reason for relief." *Broderick* v. *Smith, supra,* 37.

*Petition dismissed.*

All concurred.