ALICE E. BEAUDOIN, *Ex'x* v. FRANK H. COUTURE & *a.*

FRANK H. COUTURE & *a.* v. ALICE E. BEAUDOIN, *Ex'x.*

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the executrix.

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Brant* orally), for the appellants.

KENISON, C. J. The various petitions and motions in these proceedings raise the single issue whether the Superior Court was justified in allowing a late entry of the appeal under the circumstances of this case. Probate appeals must be claimed within sixty days. R. L., c. 365, s. 2. This provision of the statute is for the purpose of securing the orderly and expeditious settlement of estates. *Indian Head Bank* v. *Theriault*, 96 N. H. 23, 26; *Scamman* v. *Sondheim*, 97 N. H. 280, 282. On the other hand, statutory recognition is given to the fact that section 2 may work hardship or misfortune in individual instances and appellants' rights are substantially augmented by R. L., c. 365, ss. 7, 9, which allow an extension of time within two years to appeal if injustice has been done, provided that failure of the appellant to appeal results from "mistake, accident or misfortune, and not from his own neglect."

In *Broderick* v. *Smith*, 92 N. H. 33, the appellant relied upon his own judgment with no authority to support it and contrary to the advice of the register of probate. It was held that this did not make out a case for extension of time and the appeal was dismissed. This case was approved and followed in *Arnold* v. *Hay*, 95 N. H. 499, where the appellant chose to disregard the order of the probate court because of his unwarranted interpretation of the law as to the need of giving notice. These decisions are not conclusive of the present case. See *Grout* v. *Cole*, 57 N. H. 547, and *Clough* v. *Wilton*, 79 N. H. 66, which latter case is cited in *Larochelle* v. *Birch*, 98 N. H. 190, 192. In the *Grout* case the probate appeal papers were mislaid without the knowledge of the attorneys, each of whom had reason to suppose that the other had seasonably mailed them to the register of probate. It was held this could be found to be a case of mistake, accident or misfortune within the meaning of the statute allowing an extension of time which is now R. L., c. 365,

*s.* 7. In the case before us the appeal was claimed and the appeal bond filed within sixty days as required by sections 2 and 3 and notice by publication commencing on August 29, 1951, was given in compliance with section 4. Personal notice was given to executrix' counsel but no return of service was filed. Relying on the register of probate to enter the appeal in Superior Court in accordance with the practice in that county, counsel failed to enter the appeal seasonably. Until June, 1952, all counsel proceeded on the assumption that the appeal was duly filed.

All must agree that the late entry of probate appeals is not to be encouraged but this does not preclude the Trial Court from finding a practice of reasonable reliance on others when all counsel proceeded on the assumption that the appeal had been filed. 3 Woerner, American Law of Administration (3rd *ed.*) *s.* 546. It is clear that the statute confers discretion on the Trial Court to decide these matters on the basis of particular facts involved. *Indian Head Bank* v. *Theriault,* 96 N. H. 23, 27. While we cannot say that the order was required as a matter of law, we can say that it was not an abuse of discretion on the part of the Trial Court under the circumstances of this case.

*Exceptions overruled.*

All concurred.

Strafford, July 1, 1953. } No. 4209.