Strafford
No. 7629

J. Calvin Chesley,
Elmer B. Chesley
and
Chesley T. Bixby

v.

Estate of T. Jewett Chesley

March 31, 1977

*Maynard, Dunn & Phillips,* of Concord (*Mr. William Maynard* orally) for the plaintiffs.

*Charles F. Hartnett* and *Anthony S. Hartnett* of Dover (*Mr. Anthony S. Hartnett* orally) for the defendant.

Douglas, J.    This is a probate appeal arising from a bill of exceptions approved by *Mullavey,* J.

The testator, T. Jewett Chesley, died on October 27, 1967. The judge of probate held hearings on October 30, 1972, on objections

filed by three of the four residuary legatees to certain accounts of the executors. Almost four years later on March 18, 1976, the judge of probate entered his decree.

The plaintiff residuary legatees filed an appeal to the superior court on April 15, 1976, in the probate registry along with a bond without sureties. Counsel for the plaintiffs received a letter from the registry on April 28, notifying counsel that a cash bond was to be filed.

The judge of probate allowed the appeal and approved a cash bond on May 20, 1976.

The appeal was entered on May 20 returnable on July 6, 1976. The defendants filed a motion to dismiss on May 24 in the superior court alleging a lack of jurisdiction in that court to hear the appeal. The motion was denied after a hearing at which no evidence was introduced but at which defendants agreed not to question the date or place of filing of the appeal or bond.

The first issue in this case is whether the superior court had any jurisdiction over the probate appeal. RSA ch. 567 was repealed in 1975 and was superseded by RSA ch. 567-A. The repealed statute, RSA 567:1, 2 (1974), had allowed a person who was aggrieved by a probate decree to appeal to the superior court within thirty days from the time of the decision. RSA 567-A:1 (Supp. 1975) now provides that the aggrieved person may appeal to the supreme court on questions of law. A transition provision states that "any proceeding had or begun under RSA 567 prior to January 1, 1976 shall continue to be governed by RSA 567." Laws 1975, 395:13. Plaintiffs seek relief under its provisions.

█ The decree of the judge of probate was dated March 18, 1976, but no appeal was filed until April and accordingly the superior court was without jurisdiction to decide the appeal, since it was not "had or begun before January 1, 1976."

While the appeal may not of right be prosecuted pursuant to the transition provisions or under RSA 567-A:1 (Supp. 1975) as a timely appeal to the supreme court, the petition may qualify as a petition for a late appeal under RSA 567-A:5 (Supp. 1975). That provision states:

> Any person aggrieved by a decision of a probate judge, who was prevented from appealing therefrom within thirty days through mistake, accident or misfortune, and not from his own neglect, may petition the probate court

at any time within one year thereafter, to be allowed an appeal, setting forth his interest, his reasons for appealing and the causes of his delay. . . .

The language of the repealed statute was identical except for the substitution of superior court in place of probate court and a two-year limitation instead of a one-year limitation. Though no decisions interpreting the new statute RSA 567-A:5 (Supp. 1975) exist, the language in RSA 567:7 had been interpreted by the court in a number of decisions.

This court in deciding a case in which counsel was ignorant of an amendment to the chapter on probate appeals stated in *Mercer v. Merchants National Bank,* 108 N.H. 199, 201, 230 A.2d 745, 746 (1967):

It is clear that unless the mistake of law by counsel constituted unreasonable neglect, there is no basis for attack on the Trial Court's finding that failure to appeal was due to "accident, mistake or misfortune." . . . A mistake of law has long been held a good excuse for delay in filing the appeal.

■ The plaintiffs herein, apparently unaware of the amendment, appealed to superior court, in a timely fashion. The superior court accepted the appeal. The 1976 appeal was timely, but it was filed in the wrong court due to the intervention of the effective date, January 1, 1976, of chapter 567-A. This constituted a "mistake, accident or misfortune" under RSA 567-A:5 (Supp. 1975). *Beaudoin v. Couture,* 98 N.H. 272, 98 A.2d 148 (1953); *cf. Broderick v. Smith,* 92 N.H. 33, 23 A.2d 774 (1942). *But see Brady v. Duran,* 117 N.H. 275, 372 A.2d 283 (1977).

■ The question of the adequacy of the bond is mooted by the later approval of the cash bond by the probate judge, a matter within his discretion under RSA 567-A:3 (Supp. 1975). *Wadleigh v. Eaton,* 59 N.H. 574 (1880).

The late appeal provision also requires that the individual state his interest and his reasons for appealing. The plaintiffs listed four reasons for the appeal and this satisfied the statute in this case. RSA 567-A:5 (Supp. 1975). However, a new provision in section 6 requires in addition to the absence of unreasonable neglect the presence of "important questions of law." This court on the present record cannot make such a determination on the latter point though

the approval of the appeal could arguably have been an implied finding of the presence of such questions by the probate court.

Justice requires that the case be remanded to the superior court so that it may remand it to the probate court to permit the latter court to determine whether to perfect the case as a late appeal pursuant to RSA 567-A:6 (Supp. 1975). RSA 567-A:8 (Supp. 1975).

*Remanded.*

All concurred.