Merrimack County Probate Court
Nos. 7776 & 7777

PHEBE L. DUNN GRAY

v.

LOUIS N. GRAY, ADMINISTRATOR
OF THE ESTATE OF CLARK A. GRAY

October 24, 1977

*McSwiney, Jones & Semple,* of Concord, and *Robert E. Bowers, Jr. (Mr. Bowers* orally), for the plaintiff.

*David S. Sands* and *James R. Patten,* of Ossipee, by brief and orally, for the defendant.

Bois, J.   These are two appeals presenting for review (1) appellate procedures as a result of an intervening change in the governing statute and (2) a challenge as to the sufficiency of the evidence to support a finding that the plaintiff was the common-law wife of the decedent Clark A. Gray, thereby entitling her to a widow's distributive share of his estate.

The history of this case is as follows: On June 17, 1957, the decedent and the plaintiff decided to cohabit. They lived together for more than sixteen years, until the decedent's death on March 31, 1974. The decedent's brother, Louis N. Gray, was appointed administrator of the estate on April 28, 1974. Plaintiff petitioned the probate court on April 21, 1975, to have herself named the common-law wife of the decedent for the purpose of participating in the estate to the extent of the widow's distributive share under the provisions of RSA ch. 561. The defendant administrator opposed the relief sought.

An initial hearing on this petition was had on October 7, 1975. At that time appeal from a decision of the probate court was to the superior court under the provisions of RSA ch. 567. A second and final hearing was held on August 5, 1976, and on November 16, 1976, the Court (*Cushing,* J.) decreed that, pursuant to RSA 457:39, :40, the plaintiff was in fact decedent's common-law wife and therefore entitled to a widow's intestate share of his estate. At the time of the decree, an appeal from a decision of the probate court was to the supreme court under the provisions of RSA ch. 567-A, which became effective January 1, 1976. The defendant duly excepted and on December 15, 1976, simultaneously filed an appeal to both the superior and supreme courts pursuant to both statutes.

A hearing on these appeals was held by *Cushing,* J., who ruled that the defendant had no right of appeal to the superior court but did have a right of appeal under RSA ch. 567-A (Supp. 1975). Defendant seeks a review of this decision as well as the decree

granting the plaintiff a widow's intestate share of decedent's estate. All questions of law were reserved and transferred.

We first deal with the issue of whether or not the defendant is entitled to an appeal to the superior court and to an incidental jury trial on disputed factual issues. As previously noted, at the time of the first hearing, under RSA 567:1 (1955), "[a]ny person aggrieved by a decree, order, appointment, grant or denial of a judge, which may conclude his interest and which is not strictly interlocutory, may appeal therefrom to the superior court." The superior court had discretion to frame issues of fact to be tried by a jury, RSA 567:11, although any jury verdict or finding was to be merely advisory. RSA 491:16. Defendant points out that a party thus had two chances at the trial level for a decision in his favor, one in the probate court and then one in the superior court.

After the first hearing in the instant case but before the second one, RSA ch. 567 was superseded by RSA ch. 567-A (Supp. 1975), which provides that appeals of probate court decisions are to be taken directly to the supreme court. As noted above, the new statute became effective on January 1, 1976.

■ The defendant claims that the court below erred in not allowing him to appeal to the superior court. As the probate court correctly observed, however, rights of appellate review are governed by the statute in effect on the date the appeal is filed unless there is some specific language in the amending statute which saves rights of appeal for cases still pending in the trial court as of the date of inception of the new appeal statute.

■ In the instant case, defendant's right to appeal was governed by RSA 567-A:1 *et seq.* (Supp. 1975), in force on the date defendant took his appeal. The only exception to the application of the new statute is to be found in chapter 395, section 13 of the Laws of 1975, which states: "Notwithstanding the effective date of [RSA 567-A], any proceedings had or begun under RSA 567 prior to January 1, 1976 shall continue to be governed by RSA 567." As the defendant concedes, that transition provision is not relevant here because no appellate proceedings had been commenced prior to January 1, 1976. The superior court thus had no jurisdiction to hear an appeal of the probate court decree. *Chesley v. Estate of Chesley,* 117 N.H. 280, 372 A.2d 281 (1977).

A party may still request a jury determination of factual controversies in superior court under the new statute. RSA 567-A:10

(Supp. 1975) provides that "[a]ny interested person, in any proceeding before a probate court involving material facts which are in dispute, may petition the probate court to certify the issues of fact to the superior court ... for ascertainment by jury trial." The time limits mandated by this section are set forth by probate court rule 34, which provides that: "Such petition must be filed not later than five (5) days prior to the date of hearing on such matters; except, for good cause shown, the court may grant an extension of time for filing said petition, as justice may require." Under this new procedure, factual disputes are decided by either the superior court or the probate court, but not by both. The new law thus does not bar an aggrieved party from seeking a jury trial, but rather promotes a more efficient appellate procedure.

■ The defendant contends that he was unfairly foreclosed from a jury trial under RSA ch. 567-A. He argues that he could not have complied with the rule 34 requirements because the rule was not in effect on the date of the first hearing (October 7, 1975). We are not convinced that the defendant, as a result, has shown good cause to permit his late application for a jury trial. Although rule 34 was not effective until January 1, 1976, we see no reason why defendant could not have moved for a jury trial before the August 5, 1976 hearing, or at any rate before November 15, 1976, when a decree was issued, rather than waiting until he received an adverse decision. Moreover, the court's denial of the request must be taken as an implicit finding that no "good cause" existed. We cannot as a matter of law hold that this was error.

The second question before us is whether or not the determination by the probate court that a common-law marriage existed between the plaintiff and the decedent is supported by the evidence.

RSA 457:39 provides that: "Persons cohabiting and acknowledging each other as husband and wife, and generally reputed to be such, for the period of three years, and until the decease of one of them, shall thereafter be deemed to have been legally married." And pursuant to RSA 457:40, "[i]n all civil actions, except actions for criminal conversation, evidence of acknowledgement, cohabitation, and reputation is competent proof of marriage."

The probate court found that the plaintiff was the common-law wife of the decedent pursuant to the statute, and accordingly was entitled to all the rights of a widow in the estate of the decedent. The standard to be applied in reviewing such findings is set out in

RSA 567-A:4 (Supp. 1975): "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made."

There is ample evidence in the record to support a finding that the plaintiff and the decedent acknowledged themselves to be husband and wife and that they were generally reputed to be such in their community. It is uncontested that they were cohabiting for more than three years immediately prior to Clark A. Gray's decease. Finally, it was admitted that the defendant administrator himself initially named the plaintiff as the decedent's widow on a list of heirs submitted to the probate court.

We hold that it was not unreasonable for the court to make a finding that the plaintiff was the wife of the decedent by common-law marriage pursuant to the statute, and as such entitled to all the rights of a widow in the estate of the decedent. The judgment is affirmed.

*Exceptions overruled.*

GRIMES, J., did not sit; the others concurred.