## PARKER'S APPEAL.

By the Revised Statutes, cap. 170, § 7, it is enacted that if any person be prevented from appealing from a decree of the judge of probate through mistake, accident, or misfortune, and not from his own neglect, he may petition the superior court to be allowed an appeal.—*Held,* that the mistake mentioned in this section might be a mistake either of fact or of law.

An executor claimed an appeal from a decree of the judge of probate within sixty days ; but he did not file a bond to prosecute his appeal, nor did he give notice of it by publication in a newspaper. He examined the statute, but overlooked the provision requiring a bond and notice.—*Held,* that this was such a mistake as was intended to be remedied by the statute, and that an appeal should be allowed upon his petition.

PETITION for the allowance of an appeal from a decree of the judge of probate.

At the hearing upon the petition, it appeared that the petitioner was executor of the will of Eli Metcalf, and that he rendered his account at a court of probate held on the first Tuesday of September, 1833. In his account he charged the estate of the

testator with sundry sums amounting to $1133.48, one of which sums was the amount of a legacy bequeathed to the American Home Missionary Society, and the validity of which depended on the question whether the society, not being incorporated, could take the bequest. This sum of $1133.48 was disallowed by the judge of probate. The executor claimed an appeal within sixty days after the time of making the decree, and caused it to be entered in this court; but he did not file a bond to prosecute his appeal, nor did he give any notice thereof by publication in a newspaper. He made an affidavit that he intended to do every thing required by law; and for this purpose examined the statute, in order to ascertain the course he ought to adopt, but overlooked the provision requiring a bond to be filed, and a notice published, and that it was through mistake and accident that he omitted to comply with the provisions of the statute, and not by reason of any intentional neglect.

*Edwards*, for the petitioner.

*Vose*, and *H. Hubbard*, for the heirs at law.

GILCHRIST, J. The law provides that the person who appeals from a decree of the judge of probate shall give a bond to prosecute his appeal, and shall give notice of such appeal by publication in some newspaper printed in the county. *Rev. Stat., ch.* 170, § 3 and 4. If these provisions be not complied with, this court cannot take cognizance of the appeal, but it must be dismissed. Although an appeal may have been claimed within sixty days of the time of the decree, according to the statute, still without a compliance with these provisions there is no valid appeal. There is only a foundation laid for an appeal, by filing a written claim in the court of probate.

By the 7th section of chapter 170, *Rev. St.*, it is enacted that any person who was prevented from appealing from such a decree within sixty days, by mistake, accident, or misfortune, and not from his own neglect, may petition this court to be allowed an appeal. The 9th section provides that if it shall appear that the petitioner

has not unreasonably neglected to appeal, and that injustice has been done by the decision of the judge of probate, such appeal shall be allowed, heard and tried on such petition.

The statute, in making use of the words "mistake" and "accident," does not define nor limit them. The mistake, therefore, may be one either of fact or of law. In this case the executor mistook the law. Intending to regulate his course by the provisions of the law, he accidentally overlooked those which required the giving a bond and the publication of a notice. Such a mistake as this we think the statute intended to remedy. The executor cannot be charged with neglect, for he examined the statute for the purpose of informing himself; and the object of the statute, which is remedial, would not be attained if such a mistake should be held to be remediless. An important question, moreover, may arise upon the will, and upon the capacity of the legatee to take; and it would be unjust to the parties interested, if the merits of the question could not be examined by the supreme court of probate.

*Appeal allowed.*