## ALMOS D. NEELD *v.* JOSEPH A. DIXON.

[No. 62, October Term, 1928.]

*Decided January 25th, 1929.*

.The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*John B. Gray, Jr.,* with whom were *Benjamin Hance* and *John B. Gray & Son* on the brief, for the appellant.

*J. Briscoe Bunting,* with whom were *Arthur W. Dowell* and *Philip H. Dorsey* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The question is whether a grant of part of a tract of land lying adjacent to the shore of Chesapeake Bay, with the lines on all sides exactly defined, and "with the privilege of the bay shore contained within said lines," carries any title to fast land lying at present between the shore and the nearest line. A subsequent grantee of the whole remaining tract, or that which had not been included in the former grant, claims title to this fast land, and has sued the present holder under that former grant, in ejectment. At the conclusion of the testimony on the trial, the court instructed the jury that the defendant had at the time of his purchase, and still has, either a fee simple title to the land in dispute, or an easement therein, and that in either case the plaintiff could not recover in his suit, and the verdict should be for the defendant. From the judgment entered as a result of this instruction the plaintiff has appealed. The defendant's lot within the lines given is one acre and twelve perches in

size, and about one third of an acre of land now lies between that lot and the shore. It was in 1869 that the lot was carved out of the larger tract.

The reference in the deed to bay shore contained within the lines amounts on its face to a declaration or admission of record by the grantor that there was bay shore within those lines, and we are required to accept that as the fact, unless it is made to appear impossible. But it is possible, for all that appears in the evidence, that the eastern line of the lot and the shore line were contiguous in 1869, for we know that the shores of Chesapeake Bay, being of soft earth or sand, are constantly shifting, adding to the shore line in some places at times. It seems unreasonable to suppose that a grantor of a lot adjacent to and fronting on the bay shore would in 1869 have left a strip of fast land between the lot and the shore, for that was before the time of development of water front areas in small lots with roads or passageways in front.

The fact that only a privilege in the shore is specified, and not ownership in it, cannot, we think, overcome these indications of inclusion of the shore within the lines of the lot. It seems likely that the clause may have been worded with the purpose of specifying distinctly how much of the shore the grantee was granted the use of, and for excluding him from other shore. The form, while inartificial, would have been reasonably appropriate for the grant of shore rights primarily, such shore rights as were more commonly granted at the time. Furthermore, even if there was fast land outside the eastern line of the lot in 1869, the reference to the bay shore contained within the lot lines may be regarded as a call to the bay shore, overriding the metes and bounds given for the lot.

We disagree with the view that the existence of an easement in the shore land in dispute would have prevented recovery by the appellant if he had been owner of it in fee. Newell, Ejectment, sec. 20.

But we construe the grant of 1869 to the appellee in fee to include the shore line within its lines, carrying with it

472

any fast land that may have been added since. And accordingly we find that the appellant, the plaintiff in ejectment, could not be permitted to recover because the fee was so vested in the appellee, and that therefore there was no reversible error in the direction of the verdict for the appellee and defendant.

*Judgment affirmed, with costs to the appellee.*