Hillsborough,
No. 5619.

LUCILLE H. MERCER & a.

v.

MERCHANTS NATIONAL BANK, *Trustee.*

Argued June 7, 1967.
Decided June 30, 1967.

*Grinnell & Bureau* ( *Mr. George H. Grinnell* orally ), for the plaintiffs.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Theodore Wadleigh* ( *Mr. Wadleigh* orally ), for the defendant.

GRIFFITH, J. This is a petition for leave to appeal from a decree

of the probate court for Hillsborough county. The probate court allowed the final account of the Merchants National Bank of Manchester, trustee under the will of Bushrod W. Hill, on June 29, 1965. The plaintiffs' counsel received notice of this decision by the probate court on or about July 12, 1965, and on the same day mailed notice of said decision to each of the plaintiffs. The plaintiff Lucille H. Mercer was a resident of Inverness, Florida, and the plaintiff Phyllis H. Rainford was a resident of San Francisco, California. Lucille H. Mercer was absent from Florida on vacation at the time the notice was mailed to her and was located in Rye, New Hampshire, by her counsel about August 30, 1965. The appeal and the bond to be filed with the appeal were executed and signed by the plaintiffs and filed with the probate court. The bond was filed on September 14, 1965.

The Court made the following findings and rulings based upon the foregoing facts and the testimony of George H. Grinnell, counsel for plaintiffs:

" On all the evidence . . . the Court finds that the petitioners were prevented from appeal within 30 days through mistake, accident or misfortune and not from their own neglect, and that the petitioners at this hearing have introduced some evidence that injustice has been done.

" The reliance on the mail communications and the decision to request the approval of the clients prior to entering the appeal, and the decision to have the clients sign the bond as principals and to sign the appeal does not amount to neglect. As it turned out, other means of communication would have expedited the communications and the appeal; but on the evidence presented, the Court finds that the failure to appeal within 30 days was through mistake, accident or misfortune and not from neglect. "

The defendant attacks the ruling of the Court upon two grounds. First, that the Court abused its discretion in ruling that the plaintiffs were not guilty of neglect, and secondly that the petition fails to set forth specifically the reasons for appeal in the petition for leave to file a late appeal.

RSA 567:7 ( supp ) as amended by Laws 1959, 114:8 provides as follows:

" Any person aggrieved by a decision of a judge, who was prevented from appealing therefrom within thirty days, through mistake, accident or misfortune, and not from his own neglect,

may petition the superior court at any time within two years thereafter, to be allowed an appeal, setting forth his interest, his reason for appealing and the causes of his delay."

RSA 567:9 provides: "If it appear that the petitioner has not unreasonably neglected to appeal, and that injustice has been done by the decision of the judge the appeal shall be allowed, heard and tried, on such petition."

It appears that at least part of the reason for the original delay in filing the appeal was due to the mistaken impression of plaintiffs' counsel that the bond on the appeal was required to be signed by the parties. Indeed it appeared that counsel was ignorant of the amendment to RSA 567:3 contained in Laws 1959, 114:7 until the date of the hearing ( 8, 10, 11 ). This mistake of law of counsel is relied upon by defendant both in brief and argument as the primary reason for overruling the Trial Court's allowance of the late appeal. It is clear that unless the mistake of law by counsel constituted unreasonable neglect, there is no basis for attack on the Trial Court's finding that failure to appeal was due to "accident, mistake or misfortune."

The Trial Court's exercise of discretion in this case was supported by the evidence and agreed facts. A mistake of law has long been held a good excuse for delay in filing the appeal. *Parker's Appeal*, 15 N. H. 24; *Tilton* v. *Tilton*, 35 N. H. 430; *Clough* v. *Wilton*, 79 N. H. 66. The cases, in which it has been held by this court that actions of counsel barred the appeal, all involved "unreasonable neglect" on the part of the counsel. *Sullivan* v. *Bank*, 99 N. H. 262; *Arnold* v. *Hay*, 95 N. H. 499; *Broderick* v. *Smith*, 92 N. H. 33. In every one of these cases it may fairly be said: "In behalf of his clients, counsel took needless chances when a known course of expedient safety was available." *Broderick* v. *Smith, supra*, 36. The Trial Court's decision was not "clearly beyond the bounds of reason." *Naum* v. *Naum*, 101 N. H. 367, 370; *Beaudoin* v. *Couture* 98 N. H. 272.

Plaintiffs in their petition stated only that "the decision of the Probate Court deprived them of considerable money to which they are rightfully entitled." The defendant argues that the Trial Court could not allow this appeal since this statement did not meet the requirement in RSA 567:7 that the plaintiff set forth "his reason for appealing."

The rule in *Bean* v. *Burleigh*, 4 N. H. 550, that a party must set forth the reasons for his appeal has always been enforced in subsequent cases as a rule of limitation as indeed it was in the *Bean* case. If the party gives no reason for his appeal then he fails; *Broderick* v. *Smith, supra*; *Stevens* v. *Stevens*, 71 N. H. 579; if the party sets forth specific reasons for his appeal he is limited to them. *Mathes* v. *Bennett*, 21 N. H. 188; *Hatch* v. *Purcell*, 21 N. H. 544; *Twitchell* v. *Smith*, 35 N. H. 48.

The reason for the rule in this form is clear. It is intended to protect the party appealed against from the burden of surprise in the Superior Court; and of defending there against charges that have not been made. It has not been applied to prevent an appeal on broad general terms nor amendment of such reasons so long as the amendments do not go outside of the reasons. See *Holt* v. *Smart*, 46 N. H. 2 ( petition stated "they are aggrieved by the decree " ); *Rowell* v. *Conner*, 57 N. H. 323 ( administrator has been wrongfully credited with moneys as paid, and has neglected to charge himself with money which he has received ). *Cushing*, C. J. suggests in the case of *Rowell* v. *Connor, supra*, 324, that if the reasons were not sufficient that the reasons might be amended.

The statement of reasons set forth in this case were poorly worded and extremely broad. It is probably correct that under these reasons, as claimed by the defendant, the entire account could be questioned. However the evidence is clear that neither plaintiffs nor defendant had any doubt but that both in the probate court and the Superior Court plaintiffs were only questioning a particular charge made by the defendant as trustee.

*Exceptions overruled.*

All concurred.