Grafton,
No. 6335.

FIREMAN'S FUND AMERICAN INSURANCE COMPANIES

*v.*

EVERETT H. WEBBER, JR., JEAN K. WEBBER,
DANIEL E. VINCENT AND TRAVELERS INSURANCE COMPANY.

December 29, 1972.

*Wiggin, Nourie, Sundeen, Pingree and Bigg* (*Mr. William S. Orcutt* orally) for Fireman's Fund American Insurance Companies.

*David R. Decker,* for Everett H. Webber, Jr., and Jean K. Webber, filed no brief.

*Upton, Sanders and Upton* (*Mr. John H. Sanders* orally) for Daniel E. Vincent.

*Nighswander, Lord, Martin and KillKelley* (*Mr. Willard G. Martin, Jr.,* orally) for Travelers Insurance Company.

GRIFFITH, J. This is a petition for declaratory judgment

filed on March 23, 1970, whereby Fireman's Fund American Insurance Companies seek to have Travelers Insurance Company provide primary coverage for Everett H. Webber, Jr., and Jean K. Webber with regard to an action at law brought against them by Daniel E. Vincent. The writ in the action at law was filed in the Grafton County Superior Court on November 5, 1968. The petitionees filed answers to this petition in April and May 1970, and a hearing on the declaratory judgment was held on January 12, 1971. At the hearing Travelers orally moved to dismiss the petition for failure to comply with the 1967 amendment to RSA 491:22 which provides as follows: "No petition shall be maintained under this section to determine coverage of an insurance policy unless it is filed within six months after the filing of the writ which gives rise to the question; provided, however, that the foregoing prohibition shall not apply where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such six-month period, and provided further, that the superior court may permit the filing of such a petition after such period upon a finding that the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect."

The Superior Court, *Johnson*, J., ruled "that under these factual conditions the six-months limitation is not a bar to this present action", and saved Travelers' exception to this ruling. After a decree on the coverage questions was rendered to which all parties excepted, this reserved case was brought here.

The statute which creates the declaratory judgment remedy also restricts its availability. The evident legislative purpose must govern its construction. *Portsmouth Hospital* v. *Indemnity Ins. Co.*, 109 N.H. 53, 55, 242 A.2d 398, 400 (1968). The legislature found that protracted and inexcusable delay in filing a pretrial petition for declaratory judgment regarding insurance coverage unfairly impedes the progress of the underlying suit. N.H.S. Jour. 837 (1967).

The trial court's ruling apparently was made upon the assumption that a declaratory judgment petition by an insurer claiming another insurer was liable for primary coverage as distinguished from a claim of no coverage was not governed

by the limitation in the declaratory judgment statute. This ruling is in error since the statute applies to all petitions "to determine coverage." RSA 491:22.

Plaintiff has not claimed that it was prevented from seasonably filing its petition by any lack of knowledge of the facts giving rise to the coverage dispute. Neither has the plaintiff claimed that its failure to file a petition was the "result of accident, mistake or misfortune and not due to neglect." *Id.* The record discloses no evidence or finding by the trial court of any of the statutory extenuating circumstances that would permit the petition to be maintained at this late date. *See* RSA 567:7(supp.); *Sullivan* v. *Indian Head Bank,* 99 N.H. 262, 109 A.2d 572 (1954); *Costoras* v. *Noel,* 101 N.H. 71, 133 A.2d 495 (1957).

The record before us requires dismissal of the petition by reason of the unexplained neglect to bring it within the period allowed by the statute. However, the trial court may in the exercise of its discretion consider a motion to reopen the case if it finds that under all the circumstances of this case, the plaintiff was led by the trial court's ruling to believe it need neither allege nor prove any of the statutory extenuating circumstances in order to maintain this petition. *See Smith* v. *Tallman,* 87 N.H. 176, 175 A. 857 (1934).

If the trial court grants such a motion the test as to whether the plaintiff is excused from the six-months limitation is generally similar to that of late probate appeals under RSA 567:7(supp.); *Mercer* v. *Merchants National Bank,* 108 N.H. 199, 230 A.2d 745 (1967); *Naum* v. *Naum,* 101 N.H. 367, 143 A.2d 424 (1958).

*Defendant Travelers' exception sustained; remanded.*

KENISON, C.J., did not sit; the others concurred.