Belknap
No. 6453

ARTHUR O. MARTENSON, INDIVIDUALLY AND NEXT FRIEND
OF JILL MARTENSON, & a.

v.

BRUCE MASSIE AND GUARANTEE MUTUAL ASSURANCE COMPANY
OF AMERICA

April 30, 1973

*Normandin, Cheney & O'Neil* and *David O. Huot* (*Mr. Huot* orally) for the plaintiffs.

*Wescott, Millham & Dyer* for defendant Massie filed no brief; *Devine, Millimet, Stahl & Branch* (*Mr. Bartram C. Branch* orally) for the defendant company.

GRIMES, J. The question in this petition for declaratory judgment is whether a boat with inboard-outboard motor power in excess of 50 horsepower is covered by an insurance policy which excludes boats with "inboard motor power" in excess of 50 horsepower. We hold that there is coverage.

This action arises out of a collision between two boats on Lake Winnipesaukee. Bruce Massie was operating his father's boat which was powered by a 120 hp. inboard-outboard motor. The minor plaintiffs were occupants of the other boat and claim to have been injured. The Guarantee Mutual Assurance Company of America had issued a homeowner's policy to William Massie, Jr., father of Bruce, which gave coverage against liability for personal injury and property damage but excluded from coverage "watercraft owned by or rented to an Insured while away from the premises, if with inboard motor power exceeding fifty horsepower". There was a trial by the court which found that "there are

three types of motors used for boats: inboard motors, inboard-outboard motors, and outboard motors." It was also found that a reasonable person in the position of William Massie, Jr. would not have interpreted the exclusion in question, as applying to the Massie boat. The court ruled that the policy provided coverage for the accident. The questions of law raised by the exceptions of Guarantee Mutual were transferred by *Keller,* C. J.

The evidence supports the findings of the trial court that there are three types of motors for boats. The inboard motor is usually located about a third of the way up from the stern toward the bow and supplies power to the propeller through a transmission and a propeller shaft which runs through the bottom of the boat and is supported by a strut. Steering is by a separate rudder. An outboard motor is a motor, gear box, drive shaft and propeller in one unit which is attached to the transom frame of the boat but outside the boat. The assembly turns as a unit for steering and can be tipped to raise the propeller for beaching or in shallow water. The inboard-outboard appears to have the same general makeup as an outboard motor but it is separated into two parts. The engine is mounted on the transom frame but inside the boat and is connected through a hole in the transom frame to the outboard drive unit which includes the drive shaft and propeller, all of which turns for steering and may be tilted for beaching or shallow water running as with an outboard motor.

We agree with the trial court that, given the three separate and distinct types of motors for boats, the reasonable person in the position of the insured would understand that the exclusion applied only to the inboard motor type and did not apply to the inboard-outboard type installed in the Massie boat. *Aetna Insurance Co. v. State Motors, Inc.,* 109 N.H. 120, 125, 244 A.2d 64, 67 (1968). We hold, therefore, that the policy provides coverage.

*Exceptions overruled.*

All concurred.