HUB BEL AIR, INC. *v.* HIRSCH ET UX.

[No. 73, October Term, 1953.]

*Decided February 10, 1954.*

*Motion for rehearing filed March 8, 1954, denied March 17, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*William Hoffenberg,* with whom was *T. Leo Sullivan* on the brief, for the appellant.

*Charles Gilbert Cooley,* with whom was *G. Howlett Cobourn* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for the defendants in an action of ejectment tried by the court without a jury. The action was brought to recover possession of an alley or strip of land 18 inches wide between store buildings on adjoining lots in Bel Air. The declaration alleged that in May 1947 the defendants wrongfully entered 17 inches on the entire northern line of the Hub lot. The defendants filed the general issue plea of "not guilty." The plaintiff then demanded "the particulars of the affirmative defenses the defendants propose to offer under their plea of 'not guilty.'" The court sustained exceptions to the demand, but stated that the defendants would be limited in their proof under their plea "to such testimony as would be admissible under the provisions of Section 76, Article 75 of the [1951] Code." The first point raised on this appeal is the correctness of that ruling. The appellant contends that the court should have required the defendants to enumerate and particularize any and all affirmative defenses it relied on over and above its general denial of a title in the plaintiff, and further, that in view of the limitation imposed by the court's ruling, evidence of adverse possession by the defendants and prescriptive rights exercised by them should have been excluded upon objection and motion to exclude. If not sustained on these points, the appellant contends that the court erred in its finding of adverse possession and prescriptive rights in the defendants, and even if an encroachment as to the eaves of the Hirsch building to the extent of 17 inches was sustainable, there was no evidence to support the verdict with respect to the wall of the garage, the bow window, the aluminum cornice above the window, and the eaves of the garage, all of which had been extended to a lesser extent into the strip in dispute within the past twenty years.

We have recognized that a defendant may be required to amplify a plea upon demand for particulars, at least where there is a danger of surprise and the defendant

relies upon an affirmative defense. *Roth v. Baltimore Trust Co.*, 161 Md. 340, 345. In that case the defendant was required to amplify a general issue plea to an action of assumpsit on a guaranty, and elected to rely solely on certain conduct of the plaintiff as constituting a discharge of the defendant, a matter of affirmative defense which was held insufficient in law on demurrer to the plea as particularized. It was held that the trial court had not abused its discretion under the circumstances. But it was acknowledged that "the defendant could have rested his defense in his bill of particulars either upon a denial of the essential averments of the declaration, which the plaintiff was bound to prove in order to establish its cause of action, or upon a union with this denial of any affirmative or other defense." (p. 351)

The functions performed by a bill of particulars have been largely superseded by the modern rules of discovery, pre-trial conference and summary judgment. See *Clark, Code Pleading* § 54. A motion for bill of particulars has been abolished under Rule 12(e) of the Federal Rules. *Moore's Federal Rules,* 1949 suppl. p. 1080. In the instant case there is no merit in the argument of surprise, for the record shows that after part of the testimony had been taken the court adjourned the case for several weeks, when the hearing was resumed. The plaintiff was on notice at the time of adjournment, if not before, as to the defendants' claim of title by adverse possession. At the outset the court was apparently in doubt as to whether such evidence should be admitted in the absence of a special plea, but nevertheless ruled at an early stage of the trial that he would admit it subject to exception and reserve his ruling. After hearing argument on the point at the conclusion of the case, he denied the plaintiff's motion to strike.

It is clear that a special plea is not necessary. In speaking of the general issue plea in an action of ejectment Mr. Poe says "* * * no plea of limitations is

necessary. Without its interposition the plaintiff must show a possessory right, not barred by the Statute, and for this reason the defense of adversary possession is not required to ·be taken by special plea, as that of limitations is in other cases." 1 *Poe, Pleading and Practice at Law* (5th Ed.) § 275. See also *Bond v. Murray*, 118 Md. 445. Section 76, Article 75 of the 1951 Code provides that the plea of "not guilty" in ejectment is "a confession of the possession and ejectment, and shall only put in issue the title to the premises and right of possession and the amount of damages * * *." It is true that where it is shown that a common grantor was in possession, proof of a paper title may be sufficient to make out a *prima facie* case of possession, and place upon the defendant the burden of going forward with the evidence. *Wanex v. Hurst*, 188 Md. 520, 525; 1 *Poe, Pleading and Practice at Law* (5th Ed.) § 263; Cf. *McAuliffe v. Lerch*, 189 Md. 672. Nevertheless, such evidence is admissible in rebuttal under the general issue plea, and the court's action in admitting it was not erroneous and was consistent with his ruling, on exceptions to the demand for particulars, that the defendants would be limited, not to a mere dispute as to location of the dividing line, but to any matters open to dispute under the plea as specified in the statute, of which possession was one. We think the case of *Roth v. Baltimore Trust Co.*, supra, is distinguishable on the facts, and that no abuse of discretion has been shown in the court's action in sustaining the exceptions to the plaintiff's demand for particulars of the plea.

It is stipulated that the lots in question were in common ownership in 1893 and that by mesne conveyances the fee simple title to the Hub lot came into the hands of· David Lee in 1921. In 1941, Lee demised the lot to Vaughn and McNabb, who assigned it to Rosenberg, et al. in 1942. In 1945 the Rosenbergs acquired the reversion and· conveyed the fee simple title to the appellant on May 1, 1947. The court found that

this chain of title, together with testimony of a qualified surveyor, established paper title to the strip in dispute in the appellant, and it is not seriously disputed that there was evidence to support the finding, although it is obvious there was a discrepancy in the various descriptions in the deeds. It is stipulated that the appellees acquired the adjoining lot in 1927 and have held it ever since. It was shown that the Hirsch building was in existence for many years before that date, being one of the oldest buildings in that block. The present Hub building was erected in 1941, after a fire had destroyed the former building erected by Lee in 1923. It is not seriously disputed that the eaves of the Hirsch building have always overhung the 18 inch strip to the extent of about 17 inches, and that drainage and sewer pipes serving the Hirsch building were located in the strip from the time of its erection. But the appellant contends that the existence of old encroachments that may have ripened into easements cannot justify other encroachments that have not existed for the statutory period. They point to testimony that the garage in the rear encroaches about 1 inch, the eaves of the garage about 15 inches, the bow window at ground level, 2 inches, and the aluminum cornice over the bow window, 9 inches. The garage was not erected until 1942 and the bow window in 1951. The appellees contend that these structures were merely replacements of existing structures which extended as far or farther than the present ones.

There would be force in the appellant's contention if we were simply dealing with a claim of easement, which would depend upon the character and extent of use during the prescriptive period. *Bishields v. Campbell*, 200 Md. 622, 625. It may also be doubted whether the existence of an easement would defeat an action of ejectment by the owner in fee. Cf. *Neeld v. Dixon*, 156 Md. 469, 471. Here the claim is not merely of an easement but title to the strip by adverse possession. Whatever ambiguity there may be

in the court's opinion, the judgment for the defendants had the effect of denying the plaintiff's claim of title to the entire strip. There is evidence in the record to support a finding of title in the defendants by adverse possession.

The appellees produced testimony that when they acquired their building and lot in 1927 they erected gates to close the areaway, which they kept locked. No one ever entered the areaway without their permission. They did not have a survey made, but believed their property extended to the wall of the Lee building. Another witness testified that prior to 1923 there was a fence enclosing the 18 inch strip which had been erected by the Hirschs' predecessor in title. Lee testified that when he erected the building on the Hub lot in 1923 he left the areaway for fire protection and put up gates at each end, but he admitted that he noticed that the gates were locked and kept locked by someone after Mr. Hirsch came there in 1927. Vaughn testified the gates were there in 1941 when he was building the present structure. He admitted discussing with counsel for the appellees the fact that pilasters of the new building under construction encroached a few inches on the strip, to which encroachment the appellees gave their written consent, claiming title, however, to the whole strip. Aaron Rosenberg testified that in 1942 he put up a lattice work barrier at the main entrance, without consulting Mr. Hirsch. He admitted Mr. Hirsch painted this white, in 1951; he in turn painted it green. He admitted that he once asked permission of Mr. Hirsch to take a ladder into the areaway, and that in 1942 he obtained written permission from Mr. Hirsch to install a fan in the Hub wall facing the areaway. Herman Rosenberg testified there was a gate, or "something heavy constructed of wood," blocking the entrance to the areaway in 1943, when another fire occurred. The firemen broke it down and that was why they put up the latticework.

The case for the appellees, in short, rests upon a claim of the continuous exercise of control and dominion over the entire strip, by closing it with locked gates, and not merely upon the various encroachments which are relied on not as easements but as further evidence of dominion. The appellant contends that the appellees' claim is not supportable, in the absence of a showing of a paper claim, since it may have been based on ignorance or mistake as to the location of the true line. That argument is fully answered by the recent case of *Tamburo v. Miller,* 203 Md. 329, 336. The testimony supports the claim that, at least during the period from 1927 down to 1951, the appellees exerted all the dominion over the strip that its character and potential use permitted. Cf. *Gunby v. Quinn,* 156 Md. 123, 130, and *Bloodsworth v. Murray,* 138 Md. 631, 645. Indeed, the only testimony that would support a contrary view is that regarding the lattice work erected in 1942 or 1943. If this was a replacement necessitated by the action of firemen engaged in extinguishing a fire in the Hub building, the fact that the Hub owners assumed the burden of replacement would not amount to an unequivocal claim of possession. Cf. *Wickes v. Wickes,* 98 Md. 307, 328. We cannot say that the trial court was clearly wrong in finding title by adverse possession in the defendants.

*Judgment affirmed, with costs.*