# SOMMERS ET AL. *v.* WILSON BUILDING AND LOAN ASSOCIATION ET AL.

[No. 89, September Term, 1973.]

*Decided December 3, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Eugene Hettleman* for appellants.

*J. Mayer Willen* for appellees.

DIGGES, J., delivered the opinion of the Court.

After the Superior Court of Baltimore City (Dorf, J.) sustained without leave to amend a demurrer to the declaration which was filed by the plaintiffs-appellants, Milton and Ethel Sommers, they appealed. The only question before us is whether this ruling was correct.

In substance, the declaration alleges that the defendant-appellee, Wilson Building and Loan Association, and its secretary, Harry Altschull, also a defendant-appellee, "undertook and had the duty of seeing to it that insurance was carried on each property mortgaged to Wilson, [renew] the policies of fire insurance upon their expiration, and if unable to renew the same, [notify] the mortgagors so that they could obtain their own insurance." The declaration further avers that in December of 1965 the appellants, as members of the building association, applied for and received from that financial institution a $6,800 loan which was secured by a mortgage on two pieces of Baltimore City property owned by Mr. and Mrs. Sommers, one located at 4750 Park Heights Avenue and the other at 1825 W. Pratt Street; that, according to the terms of the mortgage, appellants, each week, were obligated to pay the sum of $5.00 to the building association, part of which was to be applied by it, when due, to the payment of the fire insurance policy premium; that, though the appellees initially obtained a policy which insured the Park Heights Avenue property against damage by fire to the extent of $8,000, and though appellants paid to the building association all moneys they were obligated to remit under the terms of the mortgage agreement (including the necessary funds to cover, when due, the insurance renewal premium) appellees failed to pay over the renewal premium to the insurance company and thereby allowed that fire insurance policy to lapse on December 17, 1968; that the appellees "negligently failed to renew the policy of insurance, or to notify the [appellants]

said policy had terminated"; and that "unaware of the non-existence of fire insurance, and in the belief . . . that the [appellees] had arranged for insurance", appellants continued to make the payments required by the terms of the mortgage until they learned that there was no longer insurance coverage for their Park Heights Avenue house after that property had suffered fire damage in excess of $8,000 on November 24, 1972. By the *ad damnum* clause the appellants claimed $8,000 and interest from December 24, 1972.

The building association and its secretary initially responded to this declaration with a request that the appellants file in the case a copy of the mortgage instrument (Maryland Rule 326). In addition, by that pleading the appellees demanded that Mr. and Mrs. Sommers furnish particulars pursuant to Rule 346 as to the date, terms and provisions of *all* written instruments whereby the appellees "undertook or had the duty to keep the [appellants'] property . . . insured against loss by fire," as well as "the date, terms and provisions of *all* written agreements or contracts, memorandum or otherwise, . . . whereby the [appellees], or either of them, undertook or had the duty (1) to see that fire insurance was carried . . . or (2) to renew the policy . . . upon its expiration, or (3) if unable to renew, to [so] notify the [appellants] . . . ." (emphasis added). Mr. and Mrs. Sommers replied to these requests by filing only a copy of the written mortgage instrument. Appellees, without taking exception to this response, filed a joint and several demurrer "to the entire declaration, and to each and every paragraph thereof, as particularized . . . ." The assigned reasons for the demurrer stated that the declaration was bad in substance and insufficient in law; that it failed to show a written agreement between the parties to this case requiring the appellees to keep the property insured against loss by fire; that the pleadings failed to show any "written agreement or contract, memorandum or otherwise, between the [parties], whereby the [appellees], or either of them, undertook ... to see that fire insurance was carried" on the property, or to renew the

policy upon its expiration; and further because under the provisions of the mortgage the appellants "agreed and covenanted . . . 'to keep the improvements on the said ground fully insured from loss by fire, for the use of the mortgagee in some company acceptable to the said mortgagee, to the extent of its lien thereon . . . .' "

Following a hearing, Judge Dorf held his ruling under advisement until August 12, 1973, when he signed an order sustaining without leave to amend the demurrer filed by each appellee. In a memorandum which accompanied his order, the trial judge stated that he made this ruling because "by the expressed terms and provisions of the said mortgage, which constitutes the contract between the parties, the plaintiffs had the obligation and responsibility to keep the mortgaged property insured against fire. The court further finds that in this case parol evidence is inadmissible to vary or contradict the terms of said written mortgage." We conclude that the sustaining of this demurrer was correct, but for a very different reason.

Though Rule 301 b requires a declaration to be "brief and concise and contain only such statements of fact as may be necessary to constitute a cause of action . . ." the narr here is so terse that we are unable to discern from a reading of this one count pleading what cause of action appellants pursue in their effort to obtain damages. Even a careful examination leaves one at a loss in determining whether the declaration sounds in assumpsit or tort, or whether it represents an effort by the pleader to impermissibly combine these two forms of action into a single count. There is language which indicates that the action is brought for breach of an alleged agreement which required the appellees to pay when due the insurance premium out of funds collected from the appellants. On the other hand, in the same count it is averred that the appellees "negligently failed to renew the policy of insurance, or to notify the [appellants] that said policy had terminated and they had not renewed the same." This phraseology is compatible with that used in a tort action.

The Maryland Rules permit a plaintiff to join in one

action, either as independent or as alternative claims (be they in tort or in assumpsit) as many claims as he may have against the defendant provided each separate cause of action is made in separately numbered counts. Rules 313 and 340 c; *Kirchner v. Allied Contractors*, 213 Md. 31, 131 A. 2d 251 (1957). The failure to follow the mandate of these rules renders this declaration vulnerable to attack on demurrer.

At the oral argument before this Court, the appellants, apparently then recognizing this procedural flaw, requested that they be given an opportunity to file an amended declaration which would make clear their claim for damages based on the appellees' breach of an agreement contained in that portion of the mortgage which provides that the mortgagor shall pay $5.00 weekly to the building association "which the said mortgagee shall apply from time to time to the payment of said taxes, water rent . . . and insurance thereon, with the understanding that should said sum in any year during the continuance of this mortgage be not sufficient to pay said taxes, water rent . . . and insurance thereon, that the said mortgagors will on demand pay the difference to the said mortgagee . . . ." In addition, appellants seek to include in their amended declaration a count based on another agreement to pay the insurance premium, allegedly made subsequent to the closing of the mortgage transaction and which they say was breached by appellees. Finally, they indicate a desire to include a count in tort averring negligent failure to pay the insurance renewal premiums.

Rule 871 a allows this Court, where it appears "that the purposes of justice will be advanced by permitting further proceedings in the cause, either through amendment of the pleadings, introduction of additional evidence, making of additional parties, or otherwise," to "order the case to be remanded to the lower court" in lieu of "entering a final order affirming, reversing or modifying the judgment from which the appeal was taken . . . ." We conclude that the interests of justice will be best served in this case by utilizing this rule so as to permit the filing of an amended declaration. This request is granted in part because

confusion has resulted from the appellees' erroneous utilization of Rule 346 (demand for particulars) to procure information which is only obtainable under the deposition and discovery rules (Rules 400-425). Here, the demand sought the particulars of *all* agreements and understandings between the parties, written or otherwise, whether they formed the basis of the action or not, concerning the duty of the appellees to keep the appellants' property insured. Such a broad request under Rule 346 is improper. Particulars are only permitted to satisfy the demands of pleading. *Cline v. Fountain, etc., Company,* 214 Md. 251, 134 A. 2d 304 (1957). On the other hand, if a party desires the extensive information requested here, interrogatories and other forms of discovery are the proper tools to be utilized. The discovery rules are designed to satisfy the cravings of a litigant to acquire pretrial knowledge of the contentions being made by opposing parties, as well as all facts relevant to the dispute. In fact, a bill of particulars is rarely used today as its function has been largely made obsolete by the rules governing discovery and summary judgment. *Nicholson v. Blanchette,* 239 Md. 168, 188, 210 A. 2d 732 (1965); *Hub Bel Air, Inc. v. Hirsch,* 203 Md. 637, 641, 102 A. 2d 550 (1954). In any event, we have concluded that the interest of justice would be promoted by remanding the case without affirmance or reversal in accordance with Rule 871 a with leave to the appellants-plaintiffs to file an amended declaration in fifteen days from the date the mandate from this Court is received in the trial court.

> *Case remanded without affirmance or reversal for further proceedings in accordance with this opinion.*
> *Costs to abide the final result.*