Belknap
No. 6951

GUARANTEE MUTUAL ASSURANCE COMPANY OF AMERICA

v.

MIDDLESEX MUTUAL INSURANCE COMPANY

May 30, 1975

262

*Devine, Millimet, Stahl & Branch (Mr. Bartram C. Branch* orally) for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *William S. Orcutt* and *W. Wright Danenbarger (Mr. Danenbarger* orally) for the defendant.

LAMPRON, J. Petition by plaintiff for a declaratory judgment that defendant is required to defend on an equal basis with it claims arising out of an accident on Lake Winnipesaukee, on July 20, 1968, in which a boat operated by Bruce Massie, son of William Massie, Jr., was involved. Plaintiff insured William's summer residence in Gilford under a homeowner's policy and defendant insured his primary residence in Pawtucket, Rhode Island, under a similar policy. Defendant moved that the petition be dismissed on the grounds (1) that it was not timely brought as required by RSA 491:22, and (2) that its policy excluded coverage for this occurrence. The matter was heard by a Master (*Leonard C. Hardwick,* Esq.) who found and ruled adversely to the defendant on both contentions. His report was approved by *Keller,* C.J., who transferred defendant's bill of exceptions. The propriety of the master's findings and rulings are the issues before us on this appeal.

Notification of claim was made to plaintiff Guarantee on July 25, 1968. By letter dated August 1, 1968, its claim secretary, Lester T. Crane, Jr., notified the insured's agent that coverage was being denied because the boat involved came within its policy exclusion of coverage (b) (2) pertaining to "watercraft owned by or rented to an Insured ... if with inboard motor power exceeding fifty horsepower." The Massie boat in question

had a 120-horsepower inboard-outboard motor. Writs returnable in February 1969 were brought against Bruce Massie by the occupants of the other boat involved in the collision of July 20, 1968. Guarantee having declined coverage, the personal injury claimants filed, on November 10, 1969, a petition for declaratory judgment against it.

After a hearing on that petition, the trial court found, on February 6, 1971, that there were three types of motors used to power boats: inboard, inboard-outboard, and outboard. The court ruled that the Massie boat powered by an inboard-outboard motor did not come within the policy exclusion relied on by Guarantee. Upon appeal, this court sustained the trial court's findings, rulings and decree that Guarantee was to provide coverage under the terms of its policy. *Martenson v. Massie,* 113 N.H. 181, 304 A.2d 372 (1973). Guarantee then filed, about 10 days thereafter, this petition for declaratory judgment seeking a decree that Middlesex should provide coverage on an equal basis with it.

RSA 491:22 provides in pertinent part: "No petition [for declaratory judgment] shall be maintained . . . to determine coverage of an insurance policy unless it is filed within six months after the filing of the writ which gives rise to the question; provided . . . that the superior court may permit the filing of such a petition after such period upon a finding that the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect." The "test as to whether the plaintiff is excused from the six-months limitation is generally similar to that of late probate appeals under RSA 567:7 (supp.) . . . ." *Fireman's Fund Am. Ins. Cos. v. Webber,* 112 N.H. 466, 468, 298 A.2d 745, 747 (1972). Under that criterion plaintiff's excuse of a mistake of law is an acceptable reason for delay provided action in reliance on the mistake is reasonable, thus not constituting "unreasonable neglect". *Mercer v. Merchants National Bank,* 108 N.H. 199, 201, 230 A.2d 745, 746 (1967); *Broderick v. Smith,* 92 N.H. 33, 36, 23 A.2d 774, 777 (1942).

There was evidence that Guarantee's secretary, Crane, who denied coverage under exclusion (b) (2) by which watercraft is excluded "if with inboard motor power exceeding fifty horsepower" was a member of the bars of New Hampshire and Massachusetts. In his letter of August 1, 1968, to Massie's insurance agent he stated the following: "I have researched this matter as

best I can, with the facilities available to me, and have been unable to find any legal determination as to what constitutes an inboard as opposed to outboard motor boats. I did, however, find the Coast Guard Boating Statistics of 1967 and have Xeroxed for you, the page of definitions regarding Inboard-Outboard. You will note that they regard this type boat as an inboard because the power unit is located inside the boat."

Crane testified that the adjuster hired by Guarantee to investigate this claim told him that the Massie boat was an inboard motorboat and that it had been initially referred to him by some other carrier and they had turned it down on the same basis. There was evidence that Crane was surprised that the trial court ruled there was coverage in this case and that its decision was upheld on appeal. Up until April 30, 1973, the date of the latter decision, he remained "consistent and adamant" in his opinion that there was no coverage. Within 10 days thereafter, however, on his orders, the present petition for declaratory judgment was filed by Guarantee against Middlesex.

The master found that Guarantee's position that its policy did not give coverage "was not an unreasonable position to take as it was a case of first impression." He also found that in pursuing its attempt to establish its position in the superior and supreme courts Guarantee acted reasonably and that its failure to file sooner a declaratory judgment petition against Middlesex was the result of a mistake of law. The master further found that "Middlesex is not unduly harmed by the delay in bringing the present petition. It had investigated the accident and the circumstances in connection therewith and the delay need not prejudice its defense of the action."

Middlesex emphasizes Guarantee's failure to ask it to provide coverage on a pro rata basis and to seek such a determination by declaratory judgment until three years and six months after writs were brought by the injured plaintiffs. It also maintains that Guarantee's "dogged adherence to its opinion can only constitute inexcusable guesswork made at the expense of Middlesex".

RSA 491:22 by its terms confers discretion on the trial court to permit the filing of a petition for declaratory judgment beyond the specified six-months period if the facts in the particular case warrant it. *See Sullivan v. Bank,* 99 N.H. 262, 263, 109 A.2d 572, 573 (1954). A mistake of law has long been held a good excuse for delay in filing if action thereon was reasonable.

*Parker's Appeal,* 15 N.H. 24 (1844); *Broderick v. Smith,* 92 N.H. 33, 36, 23 A.2d 774, 777 (1942). The record did not require a finding that Guarantee's conduct constituted unreasonable neglect and supported the master's finding that its delay in filing was due to a mistake of law reasonably relied upon. *Mercer v. Merchants National Bank,* 108 N.H. 199, 230 A.2d 745 (1967); *cf. Fireman's Fund Am. Ins. Cos. v. Webber,* 112 N.H. 466, 298 A.2d 745 (1972). Hence a decree denying Middlesex's motion that the petition be dismissed on the ground of untimely filing was proper.

Middlesex also maintains that the master erred in finding and ruling that the Massie boat did not come within exclusion (b) of its policy. It excludes watercraft with inboard power exceeding fifty horsepower and watercraft powered by an outboard motor of more than twenty-four horsepower. Middlesex argues that the insured could reasonably consider his boat as being powered by an outboard motor and would recognize by reading his policy that no boat above its maximum allowed horsepower would be covered. This argument cannot be accepted in view of our holding in *Martenson v. Massie,* 113 N.H. 181, 304 A.2d 372 (1973), that the Massie boat did not fall in the inboard or outboard categories covered in the exclusion but in a third category of inboard-outboard powered watercraft.

*Exceptions overruled.*

All concurred.