Rockingham
No. 7319

JACOB T. DONIGIAN & a.

v.

KELLY DAHOOD, EXECUTOR OF THE
ESTATE OF THOMAS DONIGIAN, & a.

March 31, 1976

*Frank V. Hekimian, Jr.,* by brief, for the plaintiffs.

*John B. Ford,* by brief and orally, for the defendants.

DUNCAN, J.   On August 12, 1974, the plaintiffs, children of the decedent Thomas Donigian, late of Salem, filed an appeal in the Rockingham County Probate Court from the allowance of the decedent's will in solemn form. RSA 552:7 (Laws 1959, 114:9). The appeal gave as reasons therefor that the testator "did not possess the requisite testamentary capacity" and that the will "was procured under undue influence". RSA 567:2 repealed, Laws 1975, 395:12. The appeal was duly entered in the superior court in August 1974, and the defendant executor thereupon "answered" with a general denial, and on September 9, 1974, sought a bill of particulars by "motion for specifications", alleging plaintiffs' failure to state "the facts, reasons and/or basis" upon which they based their said appeal; and that this information was required in order that the defendant might proceed with discovery. No objection having been filed *(See* Superior Court Rule 55, RSA 491: App. R. 55 (Supp. 1975)), on February 11, 1975, the Trial Court *(Bois,* J.) granted the motion and ordered specifications to be filed within 30 days. The plaintiffs thereafter "answered" the motion by specifying that the decedent lacked testamentary capacity by reason of senility when the will was executed, and that he

was under the supervision and control of Kelly Dahood.

On March 10, 1975, the defendant executor renewed his motion to dismiss, for failure to "specify in each instance the facts, reasons and/or basis" for plaintiffs' claim. Under date of March 13, 1975, the plaintiffs objected to the defendant executor's motion, stating that plaintiffs' allegations were based on evidence relating to events over a period of years and praying that the defendant be instructed to pursue its pretrial discovery in a "more befitting" manner. Under date of July 14, 1975, the Trial Court *(Mullavey,* J.) ordered "complete and detailed specifications to be filed within 7 days" otherwise the case to be dismissed.

Under date of July 18, 1975, the plaintiffs filed a sixteen paragraph "answer" to the most recent motion, specifying in greater detail matters upon which they relied, and alleging that they had not "as yet had an opportunity for pretrial discovery" and therefore reserved the right to add to or modify their specifications to reflect information obtained through pretrial discovery. Under date of July 25, 1975, the defendant again moved to dismiss. Finally on September 10, 1075 after hearing, the Trial Court *(Perkins,* J.) denied the defendant's motion to dismiss, subject to exception, and reserved and transferred the questions raised thereby.

Thus it appears that by repeated motions, objections, and answers, and interlocutory transfer to this court, the disposition of this probate appeal has been delayed for well over a year with little if any perceptible progress. Modern principles of pleading recognize that the function of bills of particulars has been largely superseded by pretrial conferences and other methods of pretrial discovery. *See Hub Bel Air Inc. v. Hirsch,* 203 Md. 637, 102 A.2d 550 (1954); 61 Am. Jur. 2d *Pleading* § 295, at 704 (1972).

The federal courts in the interest of simplified and precise pleading have since 1946 dispensed with bills of particulars, formerly provided for by Rule 12 (e), after recognizing that they were "frequently useless [and], sometimes placed a premium upon strategic maneuvering of counsel rather than upon the merits of the issues involved". 2A J. Moore, Federal Practice para. 12.17 [1], at 2362 (1975). *See also* Recommendations of the Advisory Committee, at 2A J. Moore, Federal Practice para. 12.01 [20] (1975). As long ago as 1942, the District Court for the District of New Hampshire held: "Matters of evidence which a party will presumably introduce in establishing his case should not be required by a motion for a bill of particulars". *Holland v. Gurnsey,* 3

F.R.D. 239, 240 (D.N.H. 1942).

The appeals statute, RSA 567:2 (repealed, Laws 1975, 395:12), required that the appealing party set forth "his interest therein and the reasons of his appeal". The reasons presented by the plaintiffs' appeal were cogently stated, and required no amplification to be understood. *Mercer v. Merchants Nat'l Bank,* 108 N.H. 199, 202, 230 A.2d 745, 747 (1967). The statutes and the rules of the superior court afford ample means for discovery of pertinent evidence in advance of trial by deposition, interrogatories and pretrial hearings.

The order of September 10, 1975, denying the defendant's motion to dismiss was amply justified, and the appeal is remanded to the superior court for trial on its merits.

*Defendant's exception overruled; remanded.*

All concurred.