Strafford
No. 86-127

ALLSTATE INSURANCE COMPANY

v.

ARMAND AUBERT AND JEAN AUBERT

June 5, 1987

*Wiggin & Nourie*, of Manchester (*Gregory A. Holmes* on the brief and orally), for the plaintiff.

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*Paul R. Cox* and *Stephen E. Gaige* on the brief, and *Mr. Gaige* orally), for the defendant Armand Aubert.

JOHNSON, J.   This is an appeal by the defendant Armand Aubert from an order of April 6, 1983, by the Superior Court (*Nadeau*, J.) allowing Allstate Insurance Company's declaratory judgment petition to proceed under RSA 491:22, and a judgment of the Trial Court (*Gray*, J.) dated January 21, 1986, declaring that Armand Aubert is precluded from relitigating the issue of whether his injuries were the result of negligent conduct in the underlying civil action of Armand Aubert against his former wife, Jean Aubert. She is not a party to the appeal. Two questions are presented for our review: (1) whether the trial court erred in refusing to dismiss the plaintiff's petition for declaratory judgment filed after the six-month period of limitations of RSA 491:22 had passed; and (2) whether the prior criminal conviction of his assailant collaterally estops the plaintiff from relitigating in a subsequent civil action the issue of whether the act that caused his injuries was negligent. We find error and reverse.

This case was argued before us along with the case of *Aubert v. Aubert*, 129 N.H. 422, 529 A.2d 909 (1987), the underlying civil action based upon substantially the same facts. Because the two cases present distinct legal questions, however, we are considering them separately in order to avoid confusion.

The relevant facts for purposes of this appeal are as follows. On December 31, 1978, Armand Aubert, after an argument with his wife, Jean, went to a neighbor's house for a New Year's drink. Within minutes his wife arrived with a gun. After a brief struggle, Armand was shot in the face, sustaining serious injury.

Jean Aubert was twice convicted of attempted murder of Armand. The first conviction was reversed by this court due to

faulty jury instructions. *See State v. Aubert*, 120 N.H. 634, 421 A.2d 124 (1980). A standing conviction was obtained in December, 1980.

Meanwhile, after obtaining a divorce from his wife in May, 1980, on the grounds of extreme cruelty, Armand brought a civil suit against his former wife in the superior court on September 2, 1980. His writ contained two counts, the first sounding in negligence and the second in intentional tort.

Allstate Insurance Company, as the Auberts' liability insurer, received a copy of the writ of summons in September, 1980, when a copy of the writ was mailed to Robert Better, an adjuster with Allstate. The policy contained an exclusion for "bodily injury or property damage which is either expected or intended from the standpoint of the insured." Allstate did not file a petition for declaratory judgment until August 7, 1981, almost one year after it became aware of the underlying civil writ, and more than five months after the six-month limitation period provided in RSA 491:22. The defendant Armand Aubert moved that the declaratory judgment petition be dismissed as untimely. After a hearing, the trial court permitted the late filing of the petition, upon determining that the late filing was due to Mr. Better's personal problems, and thus was the result of "accident, mistake or misfortune and not neglect," within the meaning of RSA 491:22. Allstate entered an appearance to defend the defendant Jean Aubert on the negligence count in the underlying civil suit, retaining separate counsel to litigate the coverage issue involved here.

Before the scheduled trials on the declaratory judgment petition and the civil suit, Allstate filed a motion to enter judgment in its favor in accordance with the prior criminal conviction of the defendant Jean Aubert. Armand Aubert objected to this motion. After a hearing, the trial court granted Allstate's motion and allowed the petition for declaratory judgment. As a result of this ruling, the trial court in the civil action held that Armand Aubert was collaterally estopped from litigating the issue of the negligence of his wife. Allstate subsequently withdrew from the civil case.

Armand Aubert went forward with the civil case, filing a motion based upon the same collateral estoppel approach employed by Allstate. Proceeding under a liberal compensatory theory, he asked the court to enter judgment on the issue of liability and to have the case go forward solely on the issue of damages, relying upon the collateral estoppel effect of the criminal judgment. The court granted the motion, and the case was tried to a jury on damages only. The jury returned a verdict for Armand Aubert in the amount of $343,000 against Jean Aubert, who appealed.

We first consider whether the plaintiff's declaratory judgment petition should have been dismissed as untimely. The plaintiff has argued that this court cannot address the issue of timeliness in this case because the defendant has not supplied us with a sufficient record to review the question. We disagree. The appendix to the defendant's brief contains Allstate's original declaratory judgment petition, the defendant's motion to dismiss the petition, and the trial court's order allowing the petition. Such a record is sufficient for our review of the question presented.

RSA 491:22 provides:

> "Any person claiming a present legal equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive. No petition shall be maintained under this section to determine coverage of an insurance policy unless it is filed within 6 months after the filing of the writ which gives rise to the question; provided, however, that the foregoing prohibition shall not apply where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such 6 month period; and provided, further, that the superior court may permit the filing of such a petition after such period upon a finding that the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect."

The six-month limitation period applicable to insurance coverage issues was created because the legislature determined that extended, inexcusable delay in filing a pretrial declaratory judgment petition regarding insurance coverage unfairly impedes the progress of the underlying suit. *Fireman's Fund Am. Ins. Cos. v. Webber*, 112 N.H. 466, 467, 298 A.2d 745, 747 (1972). The limitation period is enforced to encourage early determination of insurance coverage questions. R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1225, at 136–37 (1984).

■■ The test to determine whether an insurer is entitled to relief from late filing under the "accident, mistake or misfortune" exception to the limitation period "is generally similar to that of late probate appeals under RSA 567:7," *Fireman's Fund, supra* at 468, 298 A.2d at 747, which is whether some event beyond the control of the petitioner or his counsel has prevented timely filing. *Fome Associates v. Palmer*, 122 N.H. 985, 986, 453 A.2d 1274, 1275 (1982). As

this court has noted in the context of inventory filing requirements under RSA 74:8, "[t]he words 'accident, mistake or misfortune' 'ordinarily import something outside of the petitioner's own control, or at least something which a reasonably prudent man would not be expected to guard against or provide for.'" *Pelham Plaza v. Town of Pelham*, 117 N.H. 178, 182, 370 A.2d 638, 641 (1977) (quoting *Leviston v. Historical Society*, 133 Me. 77, 79, 173 A. 810, 812 (1934)). The rationale for this approach is that when a judgment goes against a party by reason of his neglect, "he has not thereby suffered an injustice, but rather the natural consequences of his own neglect." *Leviston supra* (quoting *Pickering v. Cassidy*, 93 Me. 139, 147, 44 A. 683, 685 (1899)).

In this case, the only apparent reason for Allstate's failing to file its declaratory judgment petition on time was the neglect of adjuster Better, due to problems he was having in his personal life. While these exigencies were unfortunate, they do not indicate that the monitoring of the Aubert file was beyond the control of Allstate. Clearly the handling of the Aubert file by Better, and the conduct of Allstate in failing to supervise the matter, fell below the reasonably prudent person standard. Under such circumstances, the trial court's failure to dismiss the declaratory judgment petition as untimely filed was error.

The second question raised by defendant Armand Aubert on appeal is whether the trial court erred in ruling that he was collaterally estopped from relitigating the issue of Jean Aubert's intent in a subsequent civil action, because of her prior criminal conviction for attempted murder. In view of our decision on the first issue, this second issue would be moot, were it not for the fact that it could be raised in any event after trial of the underlying action. *See Howard v. Hartford Ins. Co.*, 127 N.H. 727, 730, 507 A.2d 230, 231–32 (1986) (where the declaratory judgment action is dismissed for failure to file timely, the insurer is not prevented from asserting defenses on the merits in a later proceeding). For this reason, we proceed to consider it.

We have held in the companion case of *Aubert v. Aubert*, 129 N.H. at 429, 529 A.2d at 913, that Jean Aubert was collaterally estopped from relitigating this issue, and there is naturally no claim that she is not similarly estopped here. *See Hopps v. Utica Mutual Ins. Co.*, 127 N.H. 508, 506 A.2d 294 (1985). Armand stands in a different position. In the *Hopps* case this court held that a judgment in favor of the State against Hopps for arson, in a prior criminal prosecution, was preclusive in favor of Hopps' insurance company on the issue of whether the damage to Hopps' residence was due to arson or non-

intentional causes. However, the same reasoning is not applicable in the situation of Armand Aubert, because Armand, unlike Hopps, was not a party to the original criminal action.

██ In *Rullo v. Rullo*, 121 N.H. 299, 300, 428 A.2d 1245, 1246 (1981), this court held, *inter alia*, that a judgment in an earlier criminal action raises no estoppel against someone who was not a party to that action nor represented in that action. *See also Hopps, supra* at 512, 506 A.2d at 298. Clearly, Armand Aubert was neither a party nor in privity with a party in the criminal action. Armand had no right to control whether the criminal complaint was brought. Nor did he control the litigation once it was brought. The plaintiff has not argued that *Rullo* should be overturned, and we decline to do so. Therefore, we hold that the trial court erred in holding that Armand Aubert was precluded from relitigating the issue of Jean Aubert's intent under the doctrine of collateral estoppel.

██ The plaintiff has argued that collateral estoppel should be applied in this case because (1) Armand Aubert testified, in the two criminal trials of *State v. Jean M. Aubert*, that his wife acted in such a fashion that a jury could reasonably infer she acted intentionally; and (2) a different result in a subsequent civil case would therefore likely require him to contradict his earlier testimony, thus embarrassing the judicial system. However, we decline to adopt such a rule of "testimonial estoppel" without prior notice and thorough briefing of the issue by the parties. We note that Armand Aubert is bound by the rules of the criminal law relating to perjury, and to this extent will be bound by his earlier testimony.

On a concluding note, it should be observed that the defendant Armand Aubert has taken his various legal postures in this case with all the consistency of a chameleon. In the criminal trials, he testified under oath about the events so that a jury found beyond a reasonable doubt that his wife fired the gun *intending to* kill him. In his initial pleading in the subsequent civil suit, he argued that his wife's actions were the result of *negligence*. In response to Allstate's declaratory judgment petition he argued that her act was *negligent*. After Allstate's withdrawal in the civil action, he argued vociferously and successfully for enhanced damages based upon his wife's *wanton and malicious* conduct. On appeal in this declaratory action case he has argued that his wife's actions were not intentional, and therefore were within the liability coverage of the Allstate policy, while in the companion case of *Aubert v. Aubert*, 129 N.H. at 429, 529 A.2d at 912, 913 he has argued that the trial court correctly applied collateral estoppel to preclude his wife from arguing lack of intent, or the issue of liability. Since we hold here only that Armand

Aubert is entitled to litigate Jean Aubert's intent issue in a subsequent civil action, presumably a breach of contract action against Allstate, we would observe that in the event Armand Aubert is unsuccessful in such a subsequent action, the case might be an appropriate one for the award by the trial court of costs and attorney's fees to the prevailing party if such a motion is made.

*Reversed.*

All concurred.